IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BROOKE HEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:23-cv-295-TFM-MU |
| ) | |
| COASTAL ALABAMA COMMUNITY ) | |
| COLLEGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On September 27, 2023, Plaintiff filed an amended complaint after having requested and received an extension of time to respond to the Defendant's Motion for Partial Dismissal. *See* Docs. 10, 11. Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Though Plaintiff received a court-approved extension to respond to the motion to dismiss, it is less clear whether under the rules if that automatically extends the deadline established under Rule 15(a)(1)(B). Regardless, Fed. R. Civ. P. 15(a)(2) states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The instant case is in its nascent phase and given the extension, it was also fair for Plaintiff to believe that the Rule 15 deadline was correspondingly extended along with his motion to dismiss response deadline. As such, to the extent court permission would be required with a motion to amend, it is **GRANTED**.

As a result, the amended complaint is now the operative complaint and the motion to dismiss (Doc. 6) is **DENIED as moot**. Defendants shall file their answers or other responsive pleadings in accordance with Fed. R. Civ. P. 12(a)(1) or (a)(4) as appropriate.

**DONE** and **ORDERED** this 28th day of September 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE