IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BROOKE HEAD,** | * | |
| | * | |
| **Plaintiff,** | * | **CASE NO.:** |
| | * | **1:23-cv-00295-TFM-MU** |
| **v.** | * | |
| | * | |
| **COASTAL ALABAMA COMMUNITY** | * | |
| **COLLEGE,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL
DISMISSAL OF FIRST AMENDED COMPLAINT**

Defendants Coastal Alabama Community College ("Coastal" or "the College") and Dr. Craig Pouncey reply in support of their Motion for Partial Dismissal of the First Amended Complaint (Doc. 18) as follows:

As Head states in her response brief (Doc. 19, PageID.184), a court may dismiss a complaint under Rule 12(b)(6) when a dispositive issue of law precludes a plaintiff from maintaining a cause of action on the facts alleged. *See Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Here, there are several issues for which there is a dispositive issue of law, including the application of sovereign immunity.

**I.      Coastal is Immune From All § 1983 Claims and is Not a "Person" Subject to Suit.**

Head is vague in her arguments regarding Defendants' immunity, asserting generally that the Defendants are not fully immune but declining to state in what manner. Regardless, there is no question that Head cannot state a § 1983 claim against the College under any circumstances,

regardless of the relief sought.[1] As set forth in Defendants' motion, the College is absolutely immune from any § 1983 claim. "[I]f a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting *any* relief on that claim." *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) (emphasis added) ("This jurisdictional bar applies regardless of the nature of the relief sought," including "'demands for the enforcement of equitable rights and the prosecution of equitable remedies.'"). Neither Congress nor the State of Alabama has abrogated or waived this immunity in § 1983 cases. *Smith v. St. of Ala. Dep't of Human Res. Child Support Div.*, No. 15-629-KD-N, 2016 WL 3646881, at *3 (S.D. Ala. June 3, 2016). Head does not present any legal authorities to the contrary, instead relying on cases which set forth the exceptions to immunity for claims against state officials, but not against a state entity.

Moreover, Head fails to respond to the fact that Coastal is not a "person" subject to suit under § 1983, and therefore such a claim cannot be state against the College. *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71 (1989). Therefore, the § 1983 claims against Coastal in all five counts are due to be dismissed.

## II.     Pouncey is Immune in His Official Capacity from Plaintiff's § 1983 Claims for Damages and to Adjudicate Past Conduct.

Head does not appear to dispute that the Defendants are immune from money damages for official capacity claims, instead focusing on her claims for prospective injunctive relief. Therefore, there should be no question that the official capacity claims for damages against Pouncey are due

---

[1] Head argues generally that the immunity afforded to the states is "contrary to the constitutional protections afforded to all Americans." (Doc. 19, PageID.185.) Principles of federalism aside, Coastal does not dispute that it is subject to claims as an employer under Title VII of the Civil Rights Act, for which there is no immunity due to its application through the 14th Amendment. There is no such abrogation of immunity for claims brought under § 1983.

to be dismissed. This necessarily includes any damages that do not relate to prospective relief for ongoing violations of law, including back pay, front pay, compensatory damages, and punitive damages. (*See* Doc. 12, PageID.97.) Moreover, Defendants do not dispute that Head may maintain an official capacity claim against Pouncey under § 1983, but only for prospective injunctive relief to end continuing violations of federal law, and not to adjudicate past conduct. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336-37 (11th Cir. 1999).

### III.   Pouncey Should be Dismissed From the Title VII Claims.

Head states that "[t]o the extent that the Court finds that a claim against an employee is the same as a claim against his employer, Plaintiff does not object to the dismissal of official capacity claims against Defendant Pouncey." (Doc. 19, PageID.186-187.) This is functionally consistent with the Defendants' position that Title VII claims against a governmental supervisor are redundant and due to be dismissed. (Doc. 18, PageID.170-171.) This is also consistent with Head's allegation that her employer is Coastal, not Pouncey. (Doc. 12, PageID.70 ¶ 4, PageID.101 (naming Coastal as employer in EEOC charge).) Moreover, the Eleventh Circuit has stated that "relief under Title VII is available against only the employer and not against individual employees." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). Therefore, Pouncey is due to be dismissed as a Defendant from Head's Title VII claims in Counts One, Two and Three.

### IV.   Head's Hostile Work Environment Claim is Untimely.

Head asserts that her hostile work environment claim should not be dismissed as untimely because one adverse event, her termination, was within 180 days of filing her EEOC charge. (Doc. 19, PageID.187.) Defendants do not dispute that the termination occurred within 180 days of the EEOC charge; however that discrete act is not "sufficiently related" to her untimely allegations of a hostile work environment, such that her claim may proceed. *Chambless v. Louisiana-Pacific Corp.*,

481 F.3d 1345, 1349-50 (11th Cir. 2007).  Head broadly states that "[t]he termination was but part of the incidents of harassment that make up the hostile work environment of which Plaintiff complains." (Doc. 19, PageID.187) However, "timely discrete acts of discrimination c[an] not save untimely non-discrete acts" unless they are "sufficiently related to a hostile work environment claim so that it may be fairly considered part of the same claim." *Id*. "To answer that question, the Eleventh Circuit instructs, one must determine whether 'those discrete acts were the same type of discriminatory intimidation, ridicule and insult that characterized the untimely allegations.'" *King v. ST Aero. Mobile, Inc.*, No. 12-360-WS-B, 2013 WL 2635926, at *7 (S.D. Ala. June 11, 2013) (quoting *Chambless*, 481 F.3d at 1350). "For an act to be considered part of an actionable hostile work environment claim, it must be of a 'sexual or gender-related nature.'" *Menefee v. Montgomery County Bd. of Educ.*, 137 F. App'x 232, 233 (11th Cir. 2005) (citation omitted).

For example, in *Menefee*, the Eleventh Circuit found that because the timely allegations did not include any conduct that had a sexual or gender-related nature, and the date of the last act of alleged inappropriate sexual conduct was more than 180 days prior to the EEOC charge, the hostile work environment claim was time-barred. *Id*. at 233-34.  Similarly here, the last alleged act of sexual harassment was June 16, 2021, and Head did not file her EEOC charge until May 6, 2022.  Her allegations related to her termination in November 2021 do not have a sexual or gender-related nature that would yield a reasonable inference that the acts occurring within and outside of the statutory period were part of the same hostile work environment practice. *Edwards v. Montgomery County Bd. of Educ.*, No. 2:13cv780-MHT, 2015 WL 758525, at *6 (M.D. Ala. Feb. 23, 2015) (finding that emails within the statutory period had no suggestion of sexual harassment and could not establish a

continuation of the unlawful employment practice).[2]   Therefore, Head cannot maintain a timely hostile work environment claim based only on her dismissal which did not involve any allegation of sexually-hostile conduct.

## V.   Head's new allegations regarding Pouncey and Bradley are outside the scope of her EEOC charge.

Head asserts that her allegations in the Amended Complaint were within the scope of her EEOC charge. (Doc. 19, PageID.188-189.) Although Head quotes several paragraphs from her EEOC charge (Doc. 19, PageID.188-189, quoting Doc. 12, PageID.103-104), none of those allegations reference discrimination or harassment by President Pouncey, and instead are limited to Pouncey's response to Head's alleged reports.[3] Such newly asserted claims against Pouncey in the Amended Complaint "raise[] a new kind of discrimination." *White v. Wells Fargo Guard Servs.*, 908 F. Supp. 1570, 1581 (M.D. Ala. 1995). "Even under the most liberal reading of her EEOC charge, the alleged [conduct by Bradley] ha[s] no discernable relationship to the conduct of [Pouncey], conduct [Head] did not mention in her EEOC charge at all." *Corkern v. Stranco Field Servs., LLC*, No. 18-5566, 2018 WL 4614001, at *5 (E.D. La. Sept. 26, 2018) ("Additionally, [plaintiff]'s failure to mention [her co-worker] and his alleged conduct in her EEOC charge frustrates the primary purpose of requiring administrative exhaustion before pursuing civil litigation: triggering the investigatory procedures of the EEOC, in an effort to achieve non-judicial resolution of employment discrimination claims.") (citation omitted).

---

[2] The only relevant case Head cites is *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003). In that case, the defendant conceded that six alleged incidents of harassment occurred within the filing period, which was why the entire time period of the harassment could be considered. Here, Head has not made *any* allegations of harassment within the filing period.

[3] The allegations in paragraph 12 do not even relate to an incident involving Head, Pouncey or Bradley, but rather an incident that Head "learned of" involving a different Coastal employee on another campus. (Doc. 12, PageID.103 ¶ 11.)

Moreover, none of the allegations in Head's 28-paragraph EEOC charge include the specific lewd remarks made by Bradley which are now alleged for the first time in the Amended Complaint. *Cheek v. Western & So. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir. 1994) ("the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*"); *Adebiyi v. City of Riverdale*, No. 1:09-CV-25-RWS-JFK, 2009 WL 10664779, at *8-10 (N.D. Ga. July 21, 2009) (recommending dismissal of claims based on factual allegations that were not presented to the EEOC).

Therefore, Head should not be permitted to maintain Title VII claims against the Defendants based on allegations that were not presented to the EEOC.

**VI.**     **Counts Four and Five are Unaddressed by Head and Due to Be Dismissed.**

Head has not provided any response to Defendants' motion as to Counts Four and Five, aside from those related to the Defendants' immunity.

Count Four is also due to be dismissed because Head failed to allege that anything more than labels and conclusions that the Defendants were deliberately indifferent, and she does not allege that Pouncey's failure to train or supervise *caused* the discrimination. (Doc. 18, PageID.177-179.)

Count Five also lacks sufficient detail to state an "Equal Protection" claim and does not even make clear what facts form the basis of this count. (Doc. 18, PageID.179-180.) For this reason, the Defendants suggest that Count Five should be required to be restated for clarification.

## CONCLUSION

For the above reasons and for the reasons set forth in Defendants' motion, significant portions of Head's Amended Complaint are due to be dismissed, to include:

-   Counts One and Four in their entirety;

- Counts Two and Three against Pouncey for Title VII liability and official capacity § 1983

 liability, and against Coastal for § 1983 liability;

- Count Five against Coastal and Pouncey in his official capacity for § 1983 liability, against

 Pouncey to the extent it states a Title VII claim, and Plaintiff should be directed to file a

 more definite statement.

Respectfully submitted,

*s/ Christine Harding Hart*

WINDY C. BITZER (BITZW7315)
Deputy Attorney General
CHRISTINE HARDING HART (HARTC5687)
*Attorneys   for   Defendants   Coastal   Alabama*
*Community College and Dr. Craig Pouncey*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 (Facsimile)
wbitzer@handfirm.com
chart@handfirm.com

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2023, the foregoing document was filed with the Clerk of the
Court using the CM/ECF filing system which will send notification of such filing to the following:

Thomas M. Loper, Esq.
LOPER LAW LLC
452 Government Street, Suite E
Mobile, Alabama 36602
tloper@loperlawllc.com
*Attorney for Plaintiff*

*s/ Christine Harding Hart*

7