IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BROOKE HEAD,

    Plaintiff,

v.

COASTAL ALABAMA COMMUNITY
COLLEGE, et al.

    Defendants.

VINSON BRADLEY,

    Defendant.

CASE NO.:
1:23-cv-00295-TFM-MU

## DEFENDANT VINSON BRADLEY'S MOTION FOR DISMISSAL

Defendant, Vinson Bradley, hereby moves this Honorable Court pursuant to Rule 12(b)(6) of the *Federal Rules of Civil* Procedure for an order dismissing all claims against him as set out in Plaintiff's First Amended Complaint (Doc. 12) on the following grounds mentioned hereinbelow.

Defendant has not filed an answer to these claims because the filing of this Motion for Dismissal extends the time for filing the answer pleadings. *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, 3:07cv30/RV/EMT, 207 WL 2020161, at *2 (N.D. Fla. July 9, 2007) ("Defendant's Motion for Dismissal, therefore automatically extends its time to answer under Rule 12(a)(4) until after the Court has ruled on Defendant's Motion for Dismissal").

## ALL CLAIMS AGAINST VINSON BRADLEY IN HIS OFFICIAL CAPACITY ARE DUE TO BE DISMISSED

1. For all the reasons set out in the Motion for Partial Dismissal of First Amended Complaint filed by Coastal Alabama Community College and Dr. Craig Pouncey (Doc. 18),

1

Defendant, Vinson Bradley, like Dr. Craig Pouncey, is not a proper Defendant with respect to Plaintiff's claims under Title VII as only employers are subject to Title VII liability. *Darth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). Beyond that, as asserted in Plaintiff's Complaint, Vinson Bradley is no longer employed with Coastal Alabama Community College and has no "official capacity" with that entity in any case. (Doc. 12, pp 104, 105-06). Thus all counts asserting claims under Title VII and 42 U.S.C.A. §1983 against Vinson Bradley in his official capacity are due to be dismissed with prejudice. ("Undersigned counsel represents Vinson Bradley but not for any official capacity claim because Bradley is no longer Dean of Students at Coastal and was not at the time this lawsuit was filed. Plaintiff is aware of this, as she alleged that Bradley separated from employment with the College." ( See Doc. 12, PageID.85, 105.) Under *Fed R. Civ. P.* 25(d), the successor Dean should be automatically substituted as a party , but that has not been done to undersigned's knowledge, either on the docket or or with Plaintiff naming and serving the new Dean with the Amended Complaint.)

## PLAINTIFF'S CLAIMS UNDER 42 U.S.C.A. §1983 ARE BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS

2.  In Alabama claims based on 42 U.S.C.A. §1983 are subject to a two year statute of limitations. *Holland v. Barton*, 600 So.2d 233 (Ala.Sup.Ct. 1992). As discussed below, all of the properly pleaded allegations against Vinson Bradley by Dr. Head describe behavior occurring well outside the two year period preceding the filing of this Complaint against him on September 27, 2023. (Doc. 12). The latest allegation which might be characterized as sexual harassment or sexual hostile environment was set out in paragraph 87 of the Amended Complaint alleging behavior which occurred on June 16, 2021. (Doc. 12, paragraph 87). Similarly, none of the alleged behavior by Bradley which might be characterized as retaliation is

alleged to have occurred within the two year window prior to filing of these claims against Bradley. (Doc. 12, paragraphs 92-94).

3. In bringing this Complaint against Bradley, Head was under a duty to set out sufficient factual matter which, accepted as true, would "state a claim to relief that is plausible on its face". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Clearly, in asserting claims against Vinson Bradley in his individual capacity, for sexual harassment, hostile environment or retaliation, Head was required to allege conduct occurring within the two year period prior to the filing of her lawsuit.

4. Plaintiff Brooke Head was required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir.2010)(quotation omitted). "'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* At 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its' face.' "
*Id.* (quoting *Twombly*, 550 U.S. at 570).

5. In addition to being untimely, numerous of the allegations against Bradley for retaliation fail to meet these standards of informative pleading. For instance, paragraph 24 of the Complaint alleges that Head started facing harassment based on her sex soon after she began reporting to him and she learned that he had a "Dr. Jekyll/Mr. Hyde Personality". These allegations are wholly conclusory. Paragraph 92 of the complaint alleges that "Defendant

3

Bradley purposely scheduled staff meetings on days and at times when Dr. Head had previously submitted leave". Paragraph 93 of the complaint alleges that "Bradley undermined Dr. Head with her staff allowing her subordinates to do things she did not allow them to do. Dr. Head was then unable to discipline those subordinates because Bradley would back up the subordinates over Dr. Head. These allegations and others lack any nexus with sexual harassment and specificity to be brought within the two year window of §1983 as well as specificity to place Defendant on notice of what he is to defend against.

6. Accordingly, the claims against Bradley under 42 U.S.C.A. §1983 set out in Counts 1, 3 and 5 are due to be dismissed as untimely filed and/or insufficiently pleaded.

## THE AMENDED COMPLAINT FAILS TO SET OUT ACTIONABLE CLAIMS AGAINST BRADLEY UNDER §1983 AS A MATTER OF LAW

7. In *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986) the Supreme Court established the following standard for sexual harassment to be actionable under Federal Law:

> "For sexual harassment to be actionable, it must be sufficiently severe
> or pervasive 'to alter the conditions of [the victims'] employment and
> create an abusive work environment.

*Id.* at 67.

As discussed below, even if the specific allegations against Vinson Bradley are assumed to be true, and timely asserted, they do not constitute actionable sexual harassment or sexual hostile environment under clearly established authority.

<u>Only one paragraph</u> of Plaintiff's allegations attributes explicit or implicit sexual overtures. Paragraph 28 of the Amended Complaint (Doc. 12) alleges that "Defendant Bradley regularly called and texted Dr. Head after hours and for inappropriate reasons. Bradley told Head 'I miss you', he told her that short blondes are his type he commented 'goddamn, look at those titties and that red blouse, let me sit down before you see my crotch' ". *Id.* All of the other

4

alleged behavior by Bradley is either set out as formulaic conclusions or behavior that might, at worst, be described as unfair or uncivil, but without any express or explicit sexual content. See Doc. 12, paragraphs 24, 26, 27, 36, 40-41, 82-83 and 85-87. While many of these other allegations might be characterized as objectionable, unfair or uncivil, they should also be characterized for the most part as actions by a supervisor to direct the activities of an underling.

8. In *Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999), our Appellate Court reviewed and analyzed extensive precedent where sexual harassment or hostile sexual environment was found to be insufficiently "severe or pervasive" to alter the terms and conditions of employment and create a discriminatory abusive working environment they place for holding the employer liable. *Id.* at 1246-47. See the discussion in paragraph 9 below. First, the Court in *Mendoza* emphasized the holding *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 1000-02, 1998 that Federal sexual discrimination law did not create a Federal "civility code" and that "we have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used had sexual content or connotation". *Id. at 1245.* A recurring point in these opinions is that 'simple teasing', offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment". *Id.* Moreover, a single sexually explicit statement cannot establish an an actionable claim for sexual harassment. *Clarke County School District v. Breeden*, 532 U.S. 268, 271 (2001).

9. Importantly for the purposes of the present case, the 11th Circuit in *Mendoza* continued at pages 1246-1247 of this opinion to catalogue the many decisions throughout the Circuits which "have rejected sexual harassment claims as serious or more serious than the conduct at issue in this appeal".

> "*Shepherd v. Comptroller of Public Accounts of Texas*, 168 F.3d 871,872-75 (5th Cir. 1999) (holding that several incidents over a two year period, including comment "your elbows are the same

color as your nipples," another comment that plaintiff had big thighs, touching plaintiff's arm, and attempts to look down plaintiff's dress, were insufficient to support hostile environment claim); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264-67 (5th Cir. 1999) (noting it was "dubious" whether several sexually oriented comments and gestures and an implied threat of retaliation for refusing a sexual advance would be sufficient to establish a hostile environment); *Quinn v. Green Tree Credit Corp.*, 138 F.3d 759, 768 (2d Cir. 1998) (holding that statement that plaintiff had the "sleekest ass" in office plus single incident of "deliberately" touching plaintiff's "breasts with some papers that he was holding in his hand" were insufficient to alter the terms or conditions of the plaintiff's employment); *Adusumilli v. City of Chicago*, 164 F.3d 353, 357 (7th Cir. 1998) (holding actions insufficient to support a hostile environment claim where co-employees teased plaintiff, made sexual jokes aimed at her, asked her what "putting one rubber band on top and another on the bottom means," commented about her low neck tops, repeated staring at her breasts with attempts to make eye contact , and four incidents of touching her arm, fingers or buttocks); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1365-66 (10th Cir. 1997) (holding five "sexually-oriented offensive" **1247** statements over sixteen months insufficient to show hostile environment, even though one of the harasser's statements occurred while he put his arm around plaintiff, looked down her dress and said, "well, you got to get it when you can"); *Galloway v. General Motors Serv. Parts Operations*, 78 F.3d 1164, 1167-68 (7th Cir. 1996) (holding offensive comments including repeatedly calling the plaintiff a "sick bitch" insufficient under *Harris* because not necessarily gender-related); *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 753-54 (4th Cir. 1996) (holding evidence that the harasser "bumped into [the plaintiff], positioned a magnifying glass over [the plaintiff's] crotch, flipped his tie over to see its label, gave him a congratulatory kiss in the receiving line at [a] wedding, and stared at him in the bathroom" insufficient to establish violation og Title Vii); *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 823-24 (6th Cir. 1997 (reversing jury verdict and finding conduct was "sex-based" but insufficiently severe or pervasive to state actionable claim, where conduct over a four-month period involved repeated sexual jokes; one occasion of looking plaintiff up and down, smiling and stating, there's "Nothing I like more in the morning than sticky buns"; suggesting land area be names as "Titsville" or "Twin Peaks"; asking plaintiff, "Say, weren't you there [at a biker bar] Saturday night dancing on the tables?"; stating, "Just get the broad to sign it"; telling plaintiff she was paid "great money for a woman"; laughing when the plaintiff mentioned the name of Dr. Paul Busam, apparently pronounced as "bosom"); *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (holding insufficient severe or pervasive to support a hostile- environment claim nine instances of offensive behavior over seven months including repeated references to plaintiff as a "tilly" and a "pretty

6

girl" and one instance of simulated masturbation); *Kidwai v. McDonald's Corp.*, No. 93-1720, 1994 WL 135971 (4th Cir. 1994) (holding insufficient under *Harris* seven incidents, including one instance in which harasser asked plaintiff whether "she was in bed with someone"); *Weiss v. Coca-Cola Bottling Co. of Chicago*, 990 F.2d 333, 337 (7th Cir. 1993) (holding plaintiff's claims – supervisor repeatedly asked about her personal life, told her how beautiful she was, asked her on dates, called her a dumb blonde, put his hand on her shoulder at least six times, placed "I love you" signs in her work area, and tried to kiss her once at a bar and twice at work – were not sufficient for actionable sexual harassment); *see also DeAngelis v. El Paso Mun. Police Officers Ass'n.*, 51 F.3d 591, 593 (5th Cir. 1995) ("A hostile environment claim embodies a series of criteria that express extremely insensitive conduct against women, conduct so egregious as to alter the conditions of employment and destroy their equal opportunity in the workplace."); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir. 1999) ("All of the sexual hostile environment cases decided by the Supreme Court have involved patterns or allegations of extensive, longlasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiffs' work environment.").

*Id.*

Defendant Vinson Bradley respectfully submits in view of these standards that the allegations against him of sexual harassment or sexual hostile environment, on their face, fail to set out an actionable claim under 42 U.S.C.A. §1983, and therefore, those claims against Bradley in his individual capacity are due to be dismissed. Head alleges only a small number of isolated events and a lot of purely conclusory accusations. In short, the allegations against him fail to describe conduct sufficiently severe or pervasive to have altered the condition of Dr. Head's employment and create an abusive working environment. *Meritor, supra* at 477 U.S. at 57.

## PLAINTIFF'S COMPLAINT, ON ITS FACE, DOES NOT SET OUT

## AN ACTIONABLE CLAIM FOR RETALIATION UNDER APPLICABLE LAW

10. A claim for retaliation in response to complaints of sexual harassment or hostile sexual environment may be pursued irrespective of the underlying merits of the allegations of discrimination on the basis of sex. *Little v. United Technologies Carrier Traniscold Div.*, 103 F.3d 956, 960 (11th Cir, 1997). Thus, if Head had specifically complained to the employer about sexual harassment or sexual hostile environment from Vinson Bradley, she might be allowed to pursue such a claim asserting that "but for her protected activity" the alleged adverse actions by the employer would not have occurred. *University of Texas Southwestern Medical Center v. Wassar*, 570 U.S. 338, 362-43 (2013). Head's allegations of reporting sexual harassment on the part of Bradley are set out in Paragraph 29 of her Complaint where she makes the following allegation "Dr. Head reported the sexual harassment and Bradley's behavior to Sarah Davis ("Davis"), the college's Chief Operating Officer and Bay Minette Campus Director, in late February or early March. <u>Specifically, on March 4, 2021 Head reported to Davis by text that she was concerned about Bradley hollering at her and punching his desk and that the mental anguish it caused her forced her take a day off to recover</u>". (Doc. 12, paragraph 29 – **Emphasis Added.**). Importantly, while the specific complaint to the Chief Operating Officer addressed what might be characterized as "uncivil behavior" on the part of Bradley, it made no mention of conduct or comments of a sexual nature. As noted above, Federal sex discrimination law does not create a Federal "civility code." *Oncale, supra* at 118 S. Ct. 998, 1000-02.

11. It is respectfully submitted that complaints about a supervisor's uncivil, or unreasonably aggressive behavior cannot, and should not be the basis of a Federal sexual discrimination claim. Had Dr. Head specifically complained to the higher ups about sexually

explicit comments or sexually hostile environment, she certainly would have said so in her allegations about reporting the conduct of Vinson Bradley.

12. Thus the retaliation claim against Bradley in his individual capacity in Count 3 of her Complaint is due to be dismissed.

## THE AMENDED COMPLAINT FAILS TO SET OUT SPECIFIC ALLEGATIONS TO SUPPORT A CLAIM OF WRONGFUL TERMINATION AGAINST BRADLEY IN HIS INDIVIDUAL CAPACITY

13. Count 2 of the Amended Complaint seeks recovery for the alleged wrongful termination of Dr. Head under Title VII and 42 U.S.C.A. §1983. As previously established, Vinson Bradley no longer has any official capacity with Coastal Alabama Community College, and thus all such claims against him that capacity must be dismissed. Beyond that, when analyzed, the factual allegations of the Amended Complaint are insufficient to establish a claim against Bradley in his individual capacity for wrongful termination under 42 U.S.C.A. §1983.

Setting aside the allegations that are purely conclusory, Head asserts that:

– "Bradley was going behind Dr. Head's back and meeting with her direct subordinates in an attempt to stir up discontent and animosity toward Head". (Doc. 12. paragraph 83).

– Employees reached out to Dr. Head to express their concern over the conversations that he was having with them. *Id.* at paragraph 84.

– Bradley started denying routine requests made by Dr. Head and abusing his authority. In one incident, Bradley refused Dr. Head's request for a team building exercise for professional development for her staff. *Id.* at paragraph 85.

– Bradley removed some of Dr. Head's duties and authority. Bradley began having Dr. Head's subordinates with Pouncey and other senior administrators in Dr. Head's place. *Id.* at paragraph 86.

– Defendant Bradley purposely scheduled staff meetings on days and at times when Dr. Head had previously submitted leave. *Id.* at paragraph 92.

– Bradley undermined Dr. Head with her staff by allowing her subordinates to do things she would not allow them to do. Dr. Head was then unable to discipline those subordinates because Bradley would back up the subordinates over Dr. Head. *Id.* at paragraph 93.

– James David Williams, a male employee on the Fairhope Campus who directly reported to Dr. Head, was allowed to come and go from work as he pleased by Dr. Bradley. *Id.* at paragraph 94.

None of these paragraphs allege any connection between Bradley's actions, as supervisor, and any sex discrimination, sexual harassment or sexually hostile work environment. All of the allegations simply describe actions by Bradley as supervisor in the course of supervising Head and her subordinates. The fact that some of these actions might be described "uncivil" or unfair from Head's perspective does not render them actionable under Federal sex discrimination law. *Oncale, supra* at 118 S.Ct. 998, S.Ct. 1000-02.

The Amended Complaint contains no factual allegations which, if true, might establish that Bradley's supervisory actions were rooted in sexual discrimination, sexual harassment or an outgrowth of a sexual hostile environment in violation of Federal Law causing Head to be terminated.

14. Beyond that, the Amended Complaint fails to allege any role of Vinson Bradley in bringing about the termination of Head's employment in November of 2021. It merely asserts that President Pouncey stated that Head was terminated due to a "lack of ability to create a collegial environment within the Department" (Doc. 12. paragraph 99) and then by some sort of alchemy, lays this all upon Defendant Bradley who had allegedly engaged in "unlawful and discriminatory conduct and harassment" and created a hostile environment which transmuted into the absence of a collegial environment proving that "Bradley's actions that created the discriminatory and hostile environment used against Dr. Head to support her termination". (Doc.

12. paragraphs 100 and 101). Respectfully, this conclusory "Rube Goldberg" allegation simply fails to set out facts sufficient to support an actionable claim against Bradley in this individual capacity supporting Head's claim for wrongful termination.

Thus, the wrongful termination claim against Bradley individually in Count 2 of the Amended Complaint is due to be dismissed.

15. In summary:

-All claims against Vinson Bradley in his official capacity are due to be dismissed.

-All claims of sex discrimination, sexual harassment or hostile sexual environment against Vinson Bradley in his individual capacity In Counts 1 and 5 are due to be dismissed; and the claims against Vinson Bradley in his individual capacity in Counts 2 and 3, retaliation and wrongful termination are due to be dismissed.

Respectfully submitted.

_____
HENRY H. CADDELL, CADDH9244
Attorney for Vinson Bradley

## CERTIFICATE OF SERVICE

I, Henry H. Caddell, Esq., hereby certify that on this the 8th day of December, 2023, the Defendant Vinson Bradley's Motion for Dismissal was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following counsel of record:

Thomas E. Loper, Esq.
452 Government Street
Suite E
Mobile, Alabama 36602-2320

Windy C. Bitzer, Esq.
Christine Harding Hart, Esq.
HAND ARENDALL HARRISON SALE, LLC.
P. O. Box 123
Mobile, Alabama 36601-0123

_____
HENRY H. CADDELL, CADDH9244