**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BROOKE HEAD,** | * | |
| | * | |
| **Plaintiff,** | * | **CASE NO.:** |
| | * | **1:23-cv-00295-TFM-MU** |
| **v.** | * | |
| | * | |
| **COASTAL ALABAMA COMMUNITY** | * | |
| **COLLEGE,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

## REPLY BRIEF IN SUPPORT OF ACCS DEFENDANTS' MOTION TO DISMISS

Defendants the Alabama Community College System (ACCS), Governor Kay Ivey, J.E.B. Shell, John Mitchell, Valerie Gray, Britton Lightsey, Goodrich Rogers, Ron Houston, Llevelyn Rhone, Tim McCartney, and Dr. Yvette Richardson, in their official capacities as Trustees of the Alabama Community College System, and Jimmy H. Baker, in his individual and official capacity as Chancellor of the ACCS (collectively the "ACCS Defendants") reply in support of their Motion to Dismiss (Doc. 22), as follows:

Head "consents" to the dismissal of all claims against the ACCS Defendants,[1] based what she characterizes as a number of "assertions" made by the ACCS Defendants in their motion to dismiss. (Doc. 27, PageID.265.) The assertions listed, however, go to the nature of the Defendants'

---

[1] Head has not referenced Federal Rule of Civil Procedure 41(a), which allows a plaintiff to voluntarily dismiss a party from an action without prejudice. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant. . ."). The ACCS Defendants do not dispute that it would be an appropriate course for the Court to construe Plaintiff's response brief as a Rule 41(a) voluntary dismissal. *See, e.g.*, *Silver Ships, Inc. v. Codega*, No. 1:17-404-CG-N, 2017 WL 5560186, at *3 (S.D. Ala. Oct. 19, 2017), *report and recommendation adopted*, 2017 WL 5559920 (Nov. 17, 2017). Regardless of the form of dismissal, the ACCS Defendants reserve the right to assert all available defenses should Head seek to reinstate her claims against them, including the applicable statutes of limitations and administrative deadlines under Title VII for filing suit.

state sovereign immunity as a matter of law, as well as propositions of Alabama law related to the delegation of authority to the Community Colleges and their presidents for the day-to-day operations of the colleges and the hiring and firing of their employees. Both of those issues are matters of law and are dispositive. For those reasons, the ACCS Defendants request that the Court dismiss Head's claims against them *with prejudice.*

At minimum, several claims are due to be dismissed on the basis of sovereign immunity, and Head should not have any further opportunity to revive those claims. These include ACCS's immunity from Head's § 1983 claims and the fact that ACCS is not a "person" under the statute subject to liability. Likewise, the individual ACCS Defendants are immune from money damages claims in their official capacity under § 1983, lack the statutory authority to reinstate Head's employment, and are not proper "employers" under Title VII. Moreover, Head did not identify the ACCS Defendants on her EEOC Charge as her employers, and fails to allege sufficient facts to support other § 1983 liability against them. And to the extent arguments made by the ACCS Defendants are also set forth in Coastal Alabama Community College and Pouncey's partial motion to dismiss briefs (Docs. 18 & 20), and to the extent those are dismissed by the Court *with prejudice*, they should be dismissed against the ACCS Defendants as well *with prejudice*.

Head's lack of engagement in these legal issues in her response brief do not render them unimportant; there are threshold issues of immunity that are to be decided at an early stage. *Nichol v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017) ("Eleventh Amendment immunity is a threshold issue that should be decided at an early stage.") (citing *Bouchard Transp. Co. v. Fla. Dept. of Environmental Protection*, 91 F.3d 1445, 1448 (11th Cir. 1996) ("The fact that Eleventh Amendment immunity . . . is a right to be free from the burdens of litigation also suggests that it should be decided at an early stage.")) Therefore, the ACCS

Defendants respectfully request that the Court consider dismissal *with prejudice*, particularly as to issues related to the Defendants' Eleventh Amendment immunity.

Respectfully submitted,

*s/ Christine Harding Hart*
WINDY C. BITZER (BITZW7315)
Deputy Attorney General
CHRISTINE HARDING HART (HARTC5687)
*Attorneys for Defendants Alabama Community College System, Governor Kay Ivey, J.E.B. Shell, John Mitchell, Valerie Gray, Britton Lightsey, Goodrich Rogers, Ron Houston, Llevelyn Rhone, Tim McCartney, Dr. Yvette Richardson, and Jimmy H. Baker*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 (Facsimile)
wbitzer@handfirm.com
chart@handfirm.com

## CERTIFICATE OF SERVICE

I certify that on January 12, 2024, the foregoing document was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following:

Thomas M. Loper, Esq.
Loper Law LLC
452 Government Street, Suite E
Mobile, Alabama 36602
tloper@loperlawllc.com
*Attorney for Plaintiff*

Henry H. Caddell, Esq.
Thiry & Caddell, LLP
1911 Government Street
Mobile, AL 36606
hhc45@bellsouth.net
*Attorney for Defendant Vinson Bradley*

*s/ Christine Harding Hart*