### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **BROOKE HEAD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:23-cv-295-TFM-MU |
| ) | |
| **COASTAL ALABAMA COMMUNITY** ) | |
| **COLLEGE,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is the *ACCS Defendants' Motion to Dismiss*. *See* Doc. 22. Plaintiff filed a response, and the ACCS Defendants filed a reply. Docs. 27, 32. In her response, Plaintiff states that she consents to the dismissal without prejudice of her claims against the ACCS Defendants. Doc. 27. For the reasons discussed below, the Court **CONSTRUES** Plaintiff's response (Doc. 27) as a Motion to Dismiss under Rule 41(a)(2).[1]

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(c) applies the same standards of Rule 41(a) to the dismissal of counterclaims, cross claims, and third-party claims.

---

[1] The ACCS Defendants state in their reply that they "do not dispute that it would be an appropriate course for the Court to construe Plaintiff's response brief as a Rule 41(a) voluntary dismissal." *See* Doc. 32 at 1, n. 1.

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit). In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. 67 F.4th 1141, 1144 n. 2 (11th Cir. 2023) (citing *Klay*, 376 F.3d at 1106).

In *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023), the Eleventh Circuit determined that to be effective under Rule 41(a)(1)(A)(ii) a stipulation of dismissal must include the signature of all parties who have appeared to include those parties who may have also already been dismissed. *Id*. at 1038. However, the Eleventh Circuit also made it clear that "Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order" of an entire action against even when the parties are unable to acquire signatures from all parties who have appeared in the litigation. *Id*. at 1039; *see also id*. at 1036 ("Rule 41(a) allows a district court to dismiss all claims against a particular defendant.") (quoting *Roswell*, 67 F.4th at 1144; *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023)).

In *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018), the Eleventh Circuit held that Fed. R. Civ. P. 41(a)(1) was not the appropriate mechanism for dismissal of fewer

than all claims asserted in a lawsuit. In doing so, it noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." *Id*. "There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit - e.g., a particular claim - while leaving a different part of the lawsuit pending before the trial court." *Id*. (emphasis in original). Rather, the *Perry* court emphasizes that Rule 41(a) is not the proper vehicle for dismissing individual claims but only an entire action. To dismiss a single claim without dismissing an entire action against a defendant, the Plaintiff should seek and obtain leave to amend the complaint to eliminate that claim under Fed. R. Civ. P. 15. *Id*. "Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15." *Rosell*, 67 F.4th at 1144. However, the Court notes the latter option would result in a determination on the merits while an amended complaint would simply dismiss the claim.

Here, Plaintiff does not specifically reference Rule 41, but rather merely states that she consents to the dismissal of her claims against the ACCS Defendants and requests that said claims be dismissed without prejudice. *See* Doc. 27. The ACCS Defendants reference Rule 41 generically in their response, but do not indicate whether they believe it would be appropriate under Rule 41(a)(1) or 41(a)(2). The main difference is whether the document is immediate and self-effectuating which is the case under Rule 41(a)(1). *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires Court review and an approval.

It is clear this is not a stipulation of dismissal signed by all parties who have appeared as

required by Rule 41(a)(1)(A)(ii).  Next, while the document (Doc. 27) was filed before the opposing filed and answer or motion for summary judgment, the document is not entitled a voluntary dismissal or otherwise reference Rule 41(a)(1)(A)(i).  Rather the document is entitled "Plaintiff's Response to ACCS Defendants' Motion to Dismiss."  Doc. 27.  Therefore, it is not entirely certain whether the Court could consider this a self-effectuating dismissal.  What is clear is if it does not constitute a voluntary dismissal, it certainly can be considered under Rule 41(a)(2) as a motion.

Turning to the substance of the request for dismissal, the Court further notes that the ACCS Defendants argue and request the claims should be dismissed *with prejudice*.  Doc. 32 at  2. ACCS Defendants state that several claims are due to be dismissed on the basis of sovereign immunity, others for immunity for monetary damages as to official capacity suits, not being employers under Title VII, and that any arguments made by co-defendant Coastal Alabama Community College and Pouncey should equally apply to them if dismissed with prejudice.  While normally the Court would agree that certain issues should be resolved at an early stage, the ACCS Defendants seeks a merits-based determination while equally acknowledging, and indeed not disputing, that a Rule 41(a) voluntary dismissal would be an appropriate course for the Court to construe Plaintiff's response brief.  *Id*. at 1, n. 1.  They further note, "[r]egardless of the form of dismissal, the ACCS Defendants reserve the right to assert all available defenses should Head seek to reinstate her claims." *Id*.

The Court notes that Rule 41(a)(2) contemplates "at plaintiff's request…on terms that the court considers proper."  Therefore, to the extent Defendants have objections, that would play into the portion about "on terms the Court considers proper."  The Court finds nothing *improper* about the Plaintiff's request and there is a good argument to be made that it *could* be considered under

Rule 41(a)(1)(A)(i) in which case the Court would not even have discretion to deny it. Regardless, if it is required to be considered under Rule 41(a)(2), the Court finds nothing improper about the request and therefore must accept the terms as requested by the Plaintiff. To do otherwise removes it from the realm of Rule 41(a) and instead puts it back into Rule 12(b) as it would be on terms the Defendants request instead of Rule 41(a) and its contemplation of Plaintiff's terms. Defendants make no argument that the Court should not consider a Rule 41(a) dismissal and instead even acknowledge that such a construction would be appropriate.

## Conclusion

Based on the above, the Court declines to delve into the merits under Rule 12(b) when the Plaintiff has clearly requested to voluntarily dismiss the ACCS Defendants without prejudice. Plaintiff did not further address any merits-based analysis given this request to voluntarily dismiss. Defendants concede that the request is appropriate though they do still argue for a dismissal with prejudice. The Court finds it would be inappropriate to take Plaintiff at her word to only then double back with a "with prejudice dismissal" contrary to the request to voluntarily dismiss especially when Defendants do not address under what authority the Court would have to make a merits-based determination under Rule 41(a) over the Plaintiff's objection.[2]

---

[2] To the extent ACCS Defendants wish to pursue further a "with prejudice" dismissal, then they should file an objection to this order within the next seven (7) calendar days citing what authority the Court should use when applying Rule 41(a) to reach that conclusion considering a Rule 41(a)(1) contemplates a Plaintiff's request (not a Defendant's request). Plaintiff would then be provided the opportunity to respond on the standard of review.

However, even afterwards, if the Court were to determine that a Rule 41(a) dismissal was not appropriate, the Court would not immediately delve into the Defendants' Rule 12(b) motion to dismiss as it stands. Rather, IF the Court were not going to dismiss the ACCS Defendants under the Plaintiff's terms under Rule 41(a), then the Court would reopen the briefing on the Rule 12(b) motion to dismiss to provide Plaintiff the opportunity to file a substantive response on the motion to dismiss to which Defendants would then file a new reply.

Therefore, Plaintiff's voluntary motion to dismiss the ACCS Defendants (Doc. 27) is **GRANTED** and the claims against the ACCS Defendants are **DISMISSED without prejudice**. This includes the following defendants:

- Alabama Community College System;
- Governor Kay Ivey;
- J.E.B. Shell;
- John Mitchell;
- Valerie Gray;
- Britton Lightsey;
- Goodrich Rogers;
- Ron Houston;
- Llevelyn Rhone;
- Tim McCartney;
- Dr. Yvette Richardson; and
- Jimmy H. Baker.

Further, as a result of the above, the ACCS Defendants' Motion to Dismiss (Doc. 22) is **DENIED as moot**. This order has no effect on the remaining defendants or their pending motions (Docs. 18, 21).

**DONE** and **ORDERED** this the 6th day of August 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE