IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BROOKE HEAD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIV. ACT. NO. 1:23-cv-295-TFM-MU** |
| | ) | |
| COASTAL ALABAMA COMMUNITY | ) | |
| COLLEGE, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendants Coastal Alabama Community College and Dr. Craig Pouncey's *Motion for Partial Dismissal of First Amended Complaint* (Doc. 18, filed 10/11/23) and *Defendant Vinson Bradley's Motion for Dismissal* (Doc. 21, filed 12/8/23). Plaintiff filed her respective responses and Defendants filed their replies. Docs. 19, 20, 28, 31. For the reasons detailed below, the motions to dismiss are **GRANTED in part and DENIED in part**.

## I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights jurisdiction). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district and because the individual defendants reside in this judicial district. No party contests jurisdiction or venue, and the Court finds adequate support for both.

## II.    BACKGROUND

On August 2, 2023, Plaintiff Brooke Head ("Plaintiff") filed her Complaint with this Court. Doc. 1. On September 27, 2023, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ.

P. 15(a)(1), which became the operative complaint. Doc. 12. Plaintiff's amended complaint asserts claims for sexual harassment and hostile work environment, wrongful termination, retaliation, and failure to supervise and train, pursuant to Title VII and 42 U.S.C. § 1983, as well as an equal protection claim under the Fourteenth Amendment. Specifically, the five counts are identified as follows against Defendants Coastal Alabama Community College ("Coastal"), Dr. Craig Pouncey ("Pouncey") in his official capacity, and Vinson Bradley ("Bradley"):[1]

   (1) Count One - Sexual Harassment: Hostile Work Environment under Title VII and 42 U.S.C. § 1983.
      a. Title VII is asserted against Coastal, Pouncey in his official capacity as President of Coastal, and Bradley in his official capacity as Dean of Student Services at Coastal.
      b. § 1983 (Fourteenth Amendment) is asserted against Coastal, Pouncey in his individual and official capacities, and Bradley in his individual and official capacities.
   (2) Count Two – Wrongful Termination under Title VII and 42 U.S.C. § 1983.
      a. Title VII is asserted against Coastal, Pouncey in his official capacity as President of Coastal, and Bradley in his official capacity as Dean of Student Services at Coastal.
      b. § 1983 (Fourteenth Amendment) is asserted against Coastal, Pouncey in his individual and official capacities, and Bradley in his individual and official capacities.
   (3) Count Three – Retaliation under Title VII and 42 U.S.C. § 1983.
      a. Title VII is asserted against Coastal, Pouncey in his official capacity as President of Coastal, and Bradley in his official capacity as Dean of Student Services at Coastal.
      b. § 1983 (Fourteenth Amendment) is asserted against Coastal, Pouncey in his individual and official capacities, and Bradley in his individual and official capacities.
   (4) Count Four – Failure to Supervise and Train under 42 U.S.C. § 1983 and Fourteenth Amendment against Coastal and Pouncey in his individual and official capacities.
   (5) Count Five – Equal Protection Claim 42 U.S.C. § 1983 and Fourteenth Amendment[2]

---

[1] The remaining defendants were voluntarily dismissed from the action. *See* Docs. 27, 34.

[2] Though the header says under § 1983 and Fourteenth Amendment, the body then indicates Title VII and § 1983 (Fourteenth Amendment). Therefore, the Court lists it as the body indicates. However, an equal protection claim is typically only asserted under § 1983 (Fourteenth Amendment). While this appears to be a typographical error, the Court addresses it further in Section F. Nonetheless, Coastal did not move to dismiss Count V to the extent Plaintiff brings a

a. Title VII is asserted against Coastal, Pouncey in his official capacity as President of Coastal, and Bradley in his official capacity.

b. § 1983 (Fourteenth Amendment) is asserted against Coastal, Pouncey in his individual and official capacities, and Bradley in his individual and official capacities.

Doc. 12 at 19-29.

On October 11, 2023, Defendants Coastal and Pouncey filed their motion to dismiss. Doc. 18. Plaintiff timely filed her response and Defendants timely filed their reply. Docs. 19, 20. On December 8, 2023, Defendant Bradley filed a motion to dismiss. Doc. 21. Plaintiff timely filed her response and Bradley timely filed his reply. Docs. 28, 31. The motions to dismiss are fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## III.    STANDARD OF REVIEW

### A.    Fed R. Civ. P. 12(b)(1)

While Defendants do note cite to Fed. R. Civ. P. 12(b)(1) in their motions to dismiss, the caselaw is clear that a sovereign immunity argument under the Eleventh Amendment implicates the Rule 12(b)(1) jurisdictional standard. *See Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996); *Culverhouse v. S. Union Cmty. College*, Civ. Act. No. 3:21-cv-121-RAH-SMD, 2021 U.S. Dist. LEXIS 110741 at *2, 2021 WL 2417154 (M.D. Ala. June 14, 2021).

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000). The burden of proof for a Fed. R. Civ. P. 12(b)(1) is on the party averring jurisdiction. *Gilmore*, 124 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of Am., Inc. v. UBS*

_____

Title VII claim against it. The parties may hash this issue out though discovery and later filed dispositive motions (if appropriate).

*AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015).[3] Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id.* Further, exhibits attached to a motion to dismiss may be considered

---

[3] In this Circuit "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 12264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Lawrence*, 919 F.2d at 1529 (citations and internal quotation marks omitted). Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*]. "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating the same). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P. 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's causes of action*." *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotation marks omitted) (emphasis in original).

**B.    Fed. R. Civ. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the

basis that the plaintiff has failed to state a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.").  Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true.  *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff.  *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).  Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss.  *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss).  "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'"  *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see*

*also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV.    DISCUSSION AND ANALYSIS

Defendants Coastal and Pouncey argue as follows:

- Counts I and IV are due to be dismissed in their entirety;

- Counts II and III are due to be dismissed as to Pouncey for Title VII liability and in his official capacity for § 1983 liability, and as to Coastal for § 1983 liability;

- Count V is due to be dismissed against Coastal and Pouncey in his official capacity for § 1983 liability; and

- that Plaintiff should be directed to file a more definite statement as to Count V.

Additionally, Defendant Bradley argues that all claims brought against him both in his official capacity and his individual capacity are due to be dismissed.  The Court addresses each argument below.

### A.  Section 1983 Claims Against Coastal

Coastal argues that Plaintiff's §1983 claims against it are due to be dismissed because Alabama colleges are arms of the State and the State is immune to suits under § 1983.  As explained in *Doe v. Univ. of Alabama in Huntsville*, 177 F. Supp. 3d 1380 (N.D. Ala. 2016):

> The Eleventh Amendment to the Constitution of the United States provides that: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI.  "Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir.1990) (citing *Hans v. Louisiana*, 134 U.S. 1, 10, 10 S. Ct. 504, 33 L. Ed. 842 (1890)).

*Id.* at 1386-87.

There are two exceptions to Eleventh Amendment immunity:  First, Congress can abrogate Eleventh Amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the Fourteenth Amendment.  *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985).  Second, a state may waive its immunity expressly through legislative enactment.  "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Carr*, 916 F.2d 1521, 1524-25 (11th Cir.1990) (internal footnote omitted).  Neither exception applies here.  Congress has not abrogated Eleventh Amendment immunity in § 1983 cases.  *Quern v. Jordan*, 440 U.S. 332, 338 (1979).  And the State of Alabama has not waived its immunity.  *See* Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").  Consequently, the Court must dismiss the § 1983 claim against Coastal as a matter of law.

Accordingly, to the extent Plaintiff asserts claims against Coastal under § 1983 in Counts I through V, those claims are due to be dismissed.  To be clear, for the argument on sovereign immunity, Counts I, II, III, and V are dismissed in part[4] while Count IV is dismissed in its entirety against Coastal.

## B.  Section 1983 Claims Against Pouncey in his Official Capacity

Pouncey argues that Plaintiff's § 1983 claims are due to be dismissed as to Pouncey in his official capacity because the Eleventh Amendment protects nonconsenting states from suits for

---

[4] Counts I, II, and III and the other arguments that Coastal makes regarding them will be addressed later in this opinion.  As to Count V, there is some confusion on whether it is solely a § 1983 claim or also a Title VII claim.  To the extent it does assert a Title VII claim (as noted *supra* n. 2), Count V remains pending against Coastal.

monetary damages by private citizens.  Doc. 18 at 7.  In her response, Plaintiff agrees that the

Eleventh Amendment prevents her from pursuing monetary relief against Pouncey in his official

capacity under § 1983, but states that she seeks other relief that the Eleventh Amendment does not

bar, "including reinstatement and an order enjoining the Defendants from engaging in practices

that discriminate against the Plaintiff and others similarly situated, that are prospective in nature."

Doc. 19 at 4.  Defendants "do not dispute that Head may maintain an official capacity claim against

Pouncey under § 1983, but only for prospective injunctive relief to end continuing violations of

federal law, and not to adjudicate past conduct."  Doc. 20 at 3.  Thus, there is no real dispute as to

the official capacity claims against Pouncey.  However, for clarity's sake, the Court will briefly

review the law and its application here.

> Under *Ex parte Young*, the Supreme Court held that private individuals could sue
> state officers for injunctive relief despite sovereign immunity because "individuals,
> who, as officers of the State, are clothed with some duty in regard to the
> enforcement of the laws of the State, and who threaten and are about to commence
> proceedings, either of a civil or criminal nature, to enforce against parties affected
> an unconstitutional act, violating the Federal Constitution, may be enjoined by a
> Federal court of equity from such action." 209 U.S. 123, 155-56, 28 S. Ct. 441, 52
> L. Ed. 714 (1908).  The Eleventh Circuit has accordingly held: "[The *Ex parte
> Young*] doctrine provides an exception to Eleventh Amendment immunity for
> lawsuits against state officials as long as the plaintiffs seek only prospective
> injunctive relief to stop ongoing violations of federal law."  *Friends of the
> Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009)
> (emphasis added) (citing *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health
> & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000)); *see also Summit Med.
> Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("[T]he Eleventh
> Amendment bars suits against state officials in federal court seeking retrospective
> or compensatory relief, but does not generally prohibit suits seeking only
> prospective injunctive or declaratory relief.") (citation omitted).

*Beauchamp v. Antee*, Civ. Act. No. 3:22-cv-504-RAH-SMD, 2022 U.S. Dist. LEXIS 213476 at

*5-6, 2022 WL 17253639 (M.D. Ala. Nov. 28, 2022).

Here, Plaintiff states that the relief she seeks under § 1983 includes reinstatement and an

order enjoining the Defendants from engaging in practices that discriminate against her.[5]  *See* Doc. 19 at 4.  The Eleventh Circuit has held that "requests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment."  *Lane v. Cent. Ala. Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014).

Thus, as Pouncey only moved to dismiss the § 1983 claims against him to the extent Plaintiff seeks monetary damages, the motion is granted.  However, the § 1983 claims against Pouncey remain pending to the extent Plaintiff seeks prospective injunctive relief.  To be clear, the § 1983 claims in Counts I through V against Pouncey in his official capacity remain pending, but any claim for monetary damages in those counts is dismissed.

**C.  All Official Capacity Claims Against Bradley**

Defendant Bradley argues that all claims asserted against him in his official capacity are due to be dismissed because he is no longer employed with Coastal Alabama Community College and therefore has no official capacity with that entity.  Doc. 21 at 2.  Plaintiff does not dispute that Bradley is no longer employed at Coastal and was not at the time this lawsuit was filed.  *See* Doc. 12 at 85.  In her response, Plaintiff does not provide any argument or case law that supports maintaining an official capacity claim against Bradley, but rather merely states "Plaintiff seeks to maintain her claim against Defendant Bradley."  Doc. 28 at 2.

Given that Bradley does not have an official capacity at Coastal, the Court agrees that all claims asserted against him in his official capacity are due to be dismissed.  This includes Counts I through V.

---

[5] Plaintiff actually states that she seeks an order enjoining the Defendants from engaging in practices that discriminate her "and others similarly situated."  However, Plaintiff is the only Plaintiff in this case and has not brought a proposed class action against Defendants.  Thus, Plaintiff lacks standing to seek relief on behalf of "others similarly situated."  Doc. 19 at 4.

**D.  Title VII Claims**

Next, Defendants argue that all of Plaintiff's Title VII claims are due to be dismissed for several reasons.

First, they argue that the Title VII harassment claim is untimely because Plaintiff's "specific allegations of harassment occurred, according to her Amended Complaint, no later than June 16, 2021," but her "EEOC charge was not filed until May 6, 2022, well over the 180 days after almost all of these allegations." Doc. 18 at 10.  Plaintiff counters that she was terminated on November 29, 2021, and that her "termination was part of a pattern of harassment and part of the same hostile work environment which Plaintiff suffered . . ." and therefore her EEOC charge was timely because it was filed within 180 days of her termination.  Doc. 19 at 5.

Second, Defendants argue that Head's new allegations regarding Pouncey and Bradley are outside the scope of her EEOC charge and are therefore due to be dismissed.  The Court notes that Defendants do not actually clarify which count they are referring to under this argument.  Rather, it appears they seek to strike statements that Plaintiff makes instead of dismissing any particular claim, though they also do not state which statements should be stricken.  Plaintiff counters that her EEOC charge "is replete with allegations against both Pouncey and Bradley . . ." and "[w]hile Plaintiff expounded on those allegations in her Complaint, the claims . . . were well within the scope of her Charge."  Doc. 19 at 8.

Finally, Defendants argue that Plaintiff's Title VII claims against Pouncey in his official capacity are due to be dismissed because Plaintiff has already brought a claim against Coastal under Title VII, and any official capacity claim against Pouncey is redundant, superfluous, and unnecessary.  Doc. 18 at 9-10.  Plaintiff responded that "[t]o the extent that the Court finds that a claim against an employee is the same as a claim against his employer, Plaintiff does not object to the dismissal of official capacity claims against Defendant Pouncey."  Doc. 19 at 4-5.

The Court will now address the remaining arguments in turn.

### i.      Title VII Official Capacity Claims Against Pouncey

Defendant Pouncey argues that Plaintiff's Title VII claims asserted against him in his official capacity are due to be dismissed because they are redundant as Plaintiff already asserted Title VII claims against her employer, Coastal.  Official capacity suits are suits against the state agencies—not suits against the individuals through whom agencies act. The Eleventh Circuit explained:

> The Supreme Court has said that official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent," and a victory against a named individual in an official capacity suit is "a victory against the entity that employs him."  Thus, to impose official liability on a government entity amenable to suit, a plaintiff need do no more than name the government entity defendant; it is unnecessary also to name specific agents.

*Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) (internal citations omitted).

Because Plaintiff also named Coastal in her Title VII claims, the same claims against Pouncey in his official capacity would be duplicative.  Thus, Defendants' motion to dismiss is due to be granted as the Title VII claims asserted against Pouncey in his official capacity.

### ii.      Timeliness

Defendants also argue that Plaintiff's Title VII hostile work environment claim should be dismissed as untimely.  Specifically, Defendants state that none of the alleged harassment occurred within 180 days prior to the filing of her EEOC charge.  Doc. 18 at 11.  Defendants do not dispute that her termination occurred within the 180-day window, but rather state that her termination was "not 'sufficiently related' to her untimely allegations of a hostile work environment, such that her claim may proceed."  Doc. 20 at 3.  Plaintiff counters that her "termination was a part of a pattern of harassment and part of the same hostile work environment of which [she] suffered."  Doc. 19 at 5.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l R.R. Passenger v. Morgan*, 536 U.S. 101, 117 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). "The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened." *Id.* "It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period." *Id.* "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

Defendant cites to *Menefree v. Montgomery County Bd. of Educ.*, for the proposition that Plaintiff's termination was not "sufficiently related" to her untimely allegations of a hostile work environment because it is not of a "sexual or gender-related nature." 137 Fed. Appx. 232, 233 (11th Cir. 2005). However, upon review of *Menefree*, the Court does not find that it is dispositive here. The Court in *Menefree* provided:

> A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period. For an act to be considered part of an actionable hostile work environment claim, it must be of 'a sexual or gender-related nature.'

*Id.* (citing *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000)). The Court went on to find that the "acts that occurred in April 2002, and the . . . acts that occurred prior to April 2002, were not part of the same actionable hostile work environment practice" because "[o]n their face, [did] not appear to be sexual in nature, and [plaintiff] provided no evidence, other than conclusory allegations, to support the proposition that the [] was based on his gender." *Id.* at 233-34. Thus, because the acts were not connected and because the plaintiff did not provide evidence to support the proposition that the act was based on gender, the claim was time-barred.

First, *Menefree* dealt with Plaintiff's allegations at the summary judgment stage, where the

Court was able to consider evidence, and then come to the conclusion that Plaintiff did not provide the necessary evidence.  The present case is before this Court on a motion to dismiss.  Thus, at this stage the Court takes the Plaintiff's allegations as true and additional evidence is not considered.  *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991).

Second, Plaintiff alleges various harassing behaviors by Pouncey and Bradley, and she states in her amended complaint that "[t]he harassment continued up until Dr. Head was eventually terminated."  Doc. 12 at 16.  Plaintiff also alleges "Bradley's actions that created the discriminatory and hostile environment were used against Dr. Head to support her termination.  The conduct alleged herein contributed to the harassment suffered by Dr. Head just prior to her termination and to Dr. Head's termination."  Plaintiff's termination occurred on November 29, 2021, within 180 days of her EEOC charge filed on May 6, 2022.  Plaintiff clearly alleges that her termination was a part of the ongoing harassment that makes up her hostile work environment claim.  Thus, at this stage, the Court determines Plaintiff's hostile work environment claim was timely filed and the motions to dismiss are denied as to their timeliness arguments.

### iii.    Scope of the EEOC Charge

Defendants also argue that Plaintiff's amended complaint adds allegations against Pouncey and Bradley that "were not presented to the EEOC, nor could they have reasonably grown from an EEOC investigation."  Doc. 18 at 11.  Defendants argue that "[s]uch claims should be dismissed because Head failed to exhaust her administrative remedies as to these allegations."  *Id.*

> Before filing a civil complaint alleging violations of Title VII, an employee must exhaust his administrative remedies by first filing a timely charge of discrimination with the EEOC.  *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017).  The purpose of the exhaustion requirement is to allow the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts."  *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004).

> Given the importance of the exhaustion requirement, a plaintiff's civil complaint under Title VII "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280. In determining whether a complaint falls within the scope of the EEOC charge, we consider whether the complaint is "like or related to, or grew out of, the allegations contained in [the] EEOC charge." *Id.* Judicial claims that merely "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint are permissible; but a judicial complaint may not assert "allegations of new acts of discrimination." *Id.* at 1279-80. We have also said that courts should avoid strict interpretation of the scope of the EEOC charge and avoid dismissing Title VII claims based merely on procedural technicalities. *See id.* at 1280.

*Ortiz v. Waste Mgmt., Inc.*, 808 F. App'x 1010, 1014 (11th Cir. 2020).

Defendants do not point to which specific allegations in the amended complaint they believe were not presented in the EEOC and could not have reasonably grown from an EEOC investigation. Further, Defendants do not state which counts they believe are due to be dismissed under this argument. The Court will not speculate which allegations or counts the Defendants are referring to. Upon a review of both the EEOC charge and the amended complaint, the Court finds that the allegations in the amended complaint sufficiently fall within the scope of the EEOC charge. *See* Doc. 12. Accordingly, Defendants motion to dismiss is denied as to this ground.

## E.  Section 1983 Claims Against Pouncey and Bradley in their Individual Capacities

Defendants Pouncey and Bradley also argue that certain § 1983 claims brought against them are due to be dismissed. Specifically, Pouncey argues that the § 1983 sexual harassment claim is due to be dismissed because Plaintiff does not allege sufficient facts. Doc. 18 at 13. Further, Pouncey argues that the § 1983 negligent supervision and training claim against him is due to be dismissed for failure to state a claim upon which relief can be granted. *Id.* at 16. Bradley argues that the § 1983 sexual harassment, retaliation, and wrongful termination claims are all due to be dismissed for failure to state a claim upon which relief can be granted. *See* Doc. 21 at 11. Additionally, Bradley argues that the § 1983 sexual harassment claim is time-barred. *Id.* at 3-4. The Court addresses each argument in turn.

### i.   Section 1983 Sexual Harassment Claim

Both Pouncey and Bradley argue that Plaintiff does not allege facts sufficient to state a claim for § 1983 sexual harassment.   Plaintiff does not appear to specifically address these arguments in her response, but the Court must still look to the complaint for the facts alleged.

Section 1983 provides a remedy against "any person," including government employees, who deprives another of her federal constitutional rights under color of state law.   42 U.S.C. § 1983; *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120-21 (1992).   Section 1983 is not itself a source of substantive rights but merely provides "a method for vindicating federal rights elsewhere conferred."   *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).   Relevant here, a plaintiff may bring Section 1983 claims for violations of her rights established under the Equal Protection Clause.   *See Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998).

The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner.   *Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1337 (11th Cir. 2002).   This requirement prohibits the government from intentionally discriminating on the basis of gender when making employment decisions.   *Cross v. Alabama*, 49 F.3d 1490, 1507 (11th Cir. 1995) (holding that there is a constitutional right to be free from unlawful sex discrimination in public employment).   "[W]hen, as here, a plaintiff attempts to use Title VII and 42 U.S.C. § 1983 as parallel remedies for the same allegedly unlawful employment discrimination, the elements of the two causes of action are identical."   *Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020); *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) ("Title VII and § 1983 claims have the same elements where the claims are based on the same set of facts, and in such cases, the claims are subject to the same legal analysis." (quotation marks and citation omitted)).

To prevail on a sexually hostile work environment claim, a plaintiff must show that: (1)

she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based on her sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (en banc). At the motion-to-dismiss stage, a plaintiff's burden is to allege factual content that merely plausibly suggests she was subject to a hostile work environment. *Alexander-Igbani v. Dekalb Cnty. Sch. Dist.*, Civ. Act. No. 1:11-CV-4535-AT-JSA, 2012 U.S. Dist. LEXIS 188446, 2012 WL 9508020, at *7 (N.D. Ga. Dec. 21, 2012) (stating that, while proof may ultimately show that the conduct amounted only to "occasional acts of harassment," at the pleading stage, a plaintiff's "allegations [need only] state a plausible basis upon which to assert a claim for hostile work environment.").

At this stage of the proceedings, the Court must make all reasonable inferences in Plaintiff's favor and thus cannot find that the alleged misconduct constituted only "occasional acts of harassment." *See Alexander-Igbani*, 2012 U.S. Dist. LEXIS 188446, 2012 WL 9508020, at *7; *Ledesma v. Highlands Wood Golf & Country Club, Inc.*, No. 2:11-CV-359-UA-DNF, 2012 U.S. Dist. LEXIS 45951, 2012 WL 1093643, at *2 (M.D. Fla. Apr. 2, 2012) (denying a motion to dismiss a hostile work environment claim in part because a plaintiff alleged that her immediate supervisor subjected her to daily harassment for several months). Considering the allegations as a whole—including, among other allegations, that Bradley sexually harassed Plaintiff to the point that she was afraid of being in Bradley's office or him coming to her office and that Pouncey, despite being aware of Bradley's conduct failed to address it—Plaintiff has sufficiently pled severe or pervasive conduct at this motion to dismiss stage. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) ("[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."). Furthermore, "the determination of whether this conduct rises to the

level of severe or pervasive is . . . a finding that is more appropriately made at the summary judgment stage when discovery has been completed." *See Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1194 (N.D. Ala. 2019).

Additionally, Bradley argues that the § 1983 sexual harassment claim is time-barred, and he makes an identical argument to the one the Court already address with respect to the Title VII sexual harassment claim. The applicable law is substantively the same as that in the above-mentioned analysis for the Title VII hostile work environment claim. *See Hardin v. Stynchomb*, 691 F.2d 1364, 1369, n. 16 (11th Cir. 1982) ("When section 1983 is used as a parallel remedy for violation of section 703 of Title VII the elements of the two causes of action are the same." (citing *Whiting v. Jackson State Univ.*, 616 F.2d 116, 121 (5th Cir. 1980). Thus, for the reasons previously stated as to the Title VII sexual harassment claim, Plaintiff's § 1983 sexual harassment claim is not time-barred and Bradley's motion to dismiss is due to be denied as to that ground.

### ii.    Section 1983 Negligent Supervision and Training Claim

Next, Pouncey argues that Plaintiff's § 1983 negligent supervision and training claim is due to be dismissed because supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.

"For a supervisor to be individually liable for a subordinate's alleged violation of [an] Equal Protection Clause right, the supervisor must have either personally participate[d] in the alleged constitutional violation or there must be a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Weissenbach v. Tuscaloosa Cnty. School Sys.*, 2018 U.S. Dist. LEXIS 191248, *35, 2018 WL 5848047, *12 (N.D. Ala. Nov. 8, 2018) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1268 (11th Cir. 1999) (internal quotation marks omitted)). A "causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do

so." *Cross v. Ala. Dep't of Mental Health*, 49 F.3d 1490, 1508 (11th Cir. 1995).

Again, at this stage the Court takes the Plaintiff's allegations as true. Upon review of the amended complaint, Plaintiff has alleged facts sufficient to show a causal connection between Pouncey's actions and the alleged sexual harassment. First, Plaintiff alleges that she repeatedly reported Bradley's behavior to Pouncey, and that Pouncey failed to take her seriously.[6]  *See* Doc. 12 at 11. Further, Plaintiff alleges facts that, if true, show that Pouncey both participated in the alleged constitutional violation and was on notice of the behavior and consciously chose not to address it. These allegations include: "Defendant Bradley himself told Dr. Head that Pouncey would make crude comments about Head's 'titties' and 'sexy legs' after each time Head met with Pouncey"; a comment by Pouncey on another occasion that "those titties and legs were looking fine" in reference to Plaintiff; and a statement by Pouncey that he is "king of sweeping shit under the rug" regarding Plaintiff's report of another employee's conduct. *Id.* at 11-12.

Thus, Defendants' motion to dismiss is due to be denied as it pertains to the § 1983 negligent supervision and training claim asserted against Pouncey.

### iii.   Section 1983 Retaliation Claim

Next, Defendant Bradley argues that Plaintiff's retaliation claim is due to be dismissed against him because Plaintiff did not participate in a "protected activity" that resulted in the adverse action. Rather, he states that the conduct that she complained of was "uncivil" but not sexual harassment and therefore her complaint about it was not a protected activity.

To state a prima facie case of retaliation under 42 U.S.C. § 1981, Plaintiff must allege (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and

---

[6] The amended complaint reads "Dr. Head repeatedly notified President Pouncey about Pouncey's behavior and threats." However, it is clear from reading the allegation in context that Plaintiff intended to refer to Bradley's behavior, as opposed to Pouncey's behavior, and thus is simply a typographical/scrivener's error.

(3) there was a causal relation between the two events.  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Taking Plaintiff's allegations as true, she has plausibly stated a claim for retaliation. Specifically, as Bradley notes, Plaintiff alleges that she "**reported the sexual harassment** and Bradley's behavior to Sarah Davis."  Doc. 12 at 8 (emphasis added).  While the allegation goes on to describe more details, it does not mean that those details, namely that she texted Davis that she was concerned about Bradley hollering at her and punching his desk, were the only information reported.  Plaintiff states that she reported Bradley for sexual harassment, and at this stage we must take her allegation as true.

Thus, Bradley's motion to dismiss Plaintiff's § 1983 retaliation claim is due to be denied.

### iv.    Section 1983 Wrongful Termination Claim

Next, Bradley argues that allegations in the complaint are insufficient to establish a claim against him for wrongful termination.  Specifically, Bradley states that "the Amended Complaint fails to allege any role of Vinson Bradley in bringing about the termination of Head's employment in November of 2021."

Bradley does not cite to any applicable case law that supports this argument.  He makes one brief mention of *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75 (1998), which he cites for the proposition that "uncivil" or unfair treatment does not render a supervisor's actions under federal discrimination law.  This is irrelevant at this stage for two reasons.  First, *Oncale* was decided at the summary judgment stage after a period of discovery, while this case is at the motion to dismiss stage and discovery is not yet underway.  Second, a cursory review of the amended complaint shows that Plaintiff alleges Bradley sexually harassed her, and that his harassment played a part in her termination.  See Doc. 12 at 17.  Such allegations are sufficient at this stage.

Thus, Bradley's motion to dismiss Plaintiff's § 1983 wrongful termination claim is denied.

### F.  Equal Protection Claim

As an initial matter, as Defendants Coastal and Pouncey note, Plaintiff references Title VII in the beginning of this Count, but does not allege any further facts regarding Title VII liability. Coastal and Pouncey argue that "[t]o the extent that this count is a Title VII claim, as referenced at the beginning of the count but no further, it is due to be dismissed as against Pouncey for the same reasons as the other Title VII counts, as he is not subject to individual Title VII liability." Doc. 18 at 18.  It appears that Defendant Bradley makes the same argument.  *See* Doc. 21 at 11 ("For all the reasons set out in the Motion for Partial Dismissal of First Amended Complaint filed by Coastal . . . and Dr. Craig Pouncey (Doc. 18), . . . Bradley, like Dr. Craig Pouncey, is not a proper Dfeendant with respect to Plaintiff's claims under Title VII . . ..").  The Court agrees, and to the extent Count V asserts a Title VII claim against Pouncey and Bradley, it is dismissed.

Finally, Defendants argue Plaintiff's allegations in Count V lacks "anything more than labels and conclusions and a more definite statement is appropriate under Rule 12(e)." Doc. 18 at 18.  Specifically, Defendants argue there are not specific terms or conditions of employment referenced, there is no discriminatory conduct alleged, and there are no allegations setting forth how a lack of policies resulted in discrimination against her.  *Id.* at 19.

A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e). The complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Marsh v. Butler County*, 212 F.3d 1318, 1321 (11th Cir. 2000) (Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  "Motions for more definite statement are viewed with disfavor and are rarely granted." *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005) (citations omitted).

After reviewing the amended complaint, the Court finds that the allegations are not so vague or ambiguous that the Defendants cannot frame a responsive pleading. Although it may not provide many details, a review of the amended complaint as a whole puts the Defendants on notice as to the nature of the claims and conduct of which Plaintiff complained. A motion for a more definite statement "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Id.* The parties will have a chance to fully discover the details of the alleged claims as this case proceeds. *Id.* at 1221-22 ("A motion for a more definite statement is not a substitute for discovery.") (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

Thus, Defendants' motion for a more definite statement is denied.

### G. CONCLUSION

Accordingly, for the reasons stated above, Coastal and Pouncey's Motion to Dismiss (Doc. 18) is **GRANTED in part and DENIED in part** and Bradley's Motion to Dismiss (Doc. 21) is **GRANTED in part and DENIED in part**.[7]

For clarity's sake, the motions are granted in part to the extent the following claims are **DISMISSED with prejudice**:

- Counts I, II, III, and V to the extent they assert § 1983 claims against Coastal;

- Count IV against Coastal;

---

[7] Additionally, the Court notes that the organization of the amended complaint has created some confusion because Plaintiff combines her Title VII and § 1983 claims in same counts. Though the ultimate analysis of a discrimination or retaliation claim under each statute may use the same legal standard, when looking to immunity and the parties, the legal analysis results in different determinations. For example, in Count I, Plaintiff brings a claim for sexual harassment and hostile work environment pursuant to Title VII and § 1983. Really, this would be more clear as two counts—one for hostile work environment under Title VII, and one for hostile work environment under § 1983. In the future, if Plaintiff intends to amend her complaint further in accordance with the upcoming scheduling order, for the sake of clarity, she should break up the counts so that it is clear what standard applies and when.

- Counts I, II, III, and V against Bradley in his official capacity;

- Count V against Pouncey and Bradley, to the extent it asserts a Title VII claim; and

- Counts I, II, and III to the extent they assert Title VII claims against Pouncey.

The motions are denied to the extent the following claims remain:

- Counts I, II, III, and V to the extent they assert Title VII claims against Coastal;

- Counts I, II, III, and V to the extent they assert § 1983 claims against Pouncey in both his official capacity[8] and individual capacity, and Bradley in his individual capacity; and

- Count IV against Pouncey in both individual and official capacities.

**DONE** and **ORDERED** this 3rd day of September, 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[8] As noted earlier in this order, to the extent Counts I, II, III, VII and V remain pending against Pouncey in his official capacity, the only available relief is prospective injunctive relief. Monetary damages are not available to Plaintiff against Pouncey in his official capacity on these claims.