**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BROOKE HEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:23-cv-00295-TFM-MU** |
| **ALABAMA COMMUNITY COLLEGE** | ) | |
| **SYSTEM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER BY DEFENDANT CRAIG POUNCEY

COMES NOW, Defendant Craig Pouncey, by and through undersigned counsel, and files his Answer to Plaintiff Brooke Head's First Amended Complaint. Doc. 12. Defendant Pouncey answers as follows:

[Introduction] The paragraph does not require a response by Defendant Pouncey.

### Jurisdiction and Venue

1.      Defendant Pouncey admits the facts as stated in this paragraph.

2.      Defendant Pouncey admits the facts as stated in this paragraph.

### Exhaustion of Administrative Remedies

3.      Defendant Pouncey admits Plaintiff filed a Charge of gender discrimination and retaliation with the Equal Employment Opportunity Commission, was issued a Right to Sue Letter, and filed a lawsuit in this Court. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

### Parties

4.      Upon information and belief, Defendant Pouncey admits the facts as stated in this paragraph.

5.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

6.     Defendant Pouncey admits the facts as stated in this paragraph.

7.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

8.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

9.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

10.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

11.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

12.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

13.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

14.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

15.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

16.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

17.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

18.     Defendant Pouncey admits that he is over the age of 19 and resides in Baldwin County, Alabama. Defendant Pouncey further admits that he was President of Coastal. Defendant Pouncey admits that Plaintiff has sued him in his official and individual capacities; however, the official capacity claims against him are improper.

19.     Defendant Pouncey admits that Vinson Bradley is over the age of 19 and resides in Baldwin County, Alabama. Defendant Pouncey admits that Bradley served as Dean of Student Development for Coastal. Defendant Pouncey further admits that Bradley was sued in his official and individual capacities. However, this Court dismissed the official capacity claims against Bradley. Doc. 35.

## **Factual Allegations Common to All Counts**

Head's Employment at College and Initial Harassment

20.     Defendant Pouncey admits Plaintiff is over the age of 40. Defendant Pouncey admits that Plaintiff worked at Alabama Southern Community College beginning 2013 as Retention/Talent Search Specialist, Counselor, and TRIO Project Specialist.

21.     Defendant Pouncey admits the facts as stated in this paragraph.

22.     Defendant Pouncey admits Plaintiff applied for and was appointed to the Director of Student Development effective December 1, 2020 at the Bay Minette campus. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demand strict proof thereof.

23.     Defendant Pouncey admits the position of Director of Student Development reported directly to Bradley, the College's Dean of Student Development.

24.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

25.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

26.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph, and so denies the same and demands strict proof thereof.

27.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

28.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

29.     Defendant Pouncey admits Plaintiff spoke with Sara Davis, the College's Chief Operating Officer and Bay Minette Campus Director in February or March 2021 about Bradley's behavior. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

30.     Defendant Pouncey admits Plaintiff spoke with Davis about Bradley's behavior. Defendant Pouncey admits Plaintiff would normally report matters to Bradley. He further admits that Bradley served in a Title IX capacity. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

31.     Defendant Pouncey admits Davis spoke with Human Resources about Plaintiff's matter. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

32.     Defendant Pouncey admits Elizabeth Ripp was the Executive Director of Human Resources at that time. Defendant Pouncey denies the remainder of the allegations as stated and demands strict proof thereof.

33.     Defendant Pouncey admits Ripp and Head spoke. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

34.     Defendant Pouncey admits Ripp and Plaintiff spoke. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

35.     Defendant Pouncey admits that after the meeting Ripp and Plaintiff went their separate ways. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

The Harassment Against Dr. Head Escalates

36.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

37.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

38.     Defendant Pouncey admits Kathryn Lambert worked in Human Resources at the time. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

39.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

40.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

41.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

Defendants Failed to Address Dr. Head's Complaints and Properly Supervise Bradley

42.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

43.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

44.     The referenced Defendant was dismissed by order of the Court dated August 6, 2024 (Doc. 34), and, therefore, no response is required.

45.     Defendant Pouncey admits the College has and follows EEO policies and procedures. Defendant Pouncey lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph, and so denies the same and demands strict proof thereof.

46.     Defendant Pouncey admits the President of the College has oversight of the same, including ensuring EEO policies and procedures are followed. Defendant Pouncey lacks sufficient knowledge or information to admit or deny the remainder of the allegations in this paragraph, and so denies the same and demands strict proof thereof.

47.     Defendant Pouncey admits Bradley, as an employee of the College, was expected to follow the EEO policies and procedures. The official capacity claims against Bradley have been dismissed and no further response is needed.

48.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

49.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

50.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

51.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

52.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

53.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

54.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

55.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

56.     Defendant Pouncey admits Plaintiff informed Bradley that her husband, who was the College's Athletic Director, heard a campus director use a racial epithet in reference to Bradley. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

57.     Defendant Pouncey admits the facts as stated in this paragraph.

58.     Defendant Pouncey admits he met with Plaintiff about Bradley's concerns. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

59.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

60.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

61.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

62.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

63.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

64.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

65.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

66.    The referenced Defendants were dismissed by order of the Court dated August 6, 2024 (Doc. 34), and therefore, no response is required.

67.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

68.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

69.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

70.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

71.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

72.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

<u>Retaliation Against Head Grows</u>

73.     Defendant Pouncey admits Human Resources contacted Plaintiff. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

74.     Defendant Pouncey admits Plaintiff met with Bugos and another Human Resources employee, along with Plaintiff's AEA representative Jesse McDaniel. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

75.     Defendant Pouncey admits Plaintiff was informed employee complaints had been filed against her, to which she responded.

76.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

77.     Defendant Pouncey admits Plaintiff voiced concerns of retaliation.

78.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

79.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

80.     Defendant Pouncey admits that Human Resources investigated Plaintiff and Bradley for allegations of unprofessional behavior.

81.     Defendant Pouncey admits that Bradley and Plaintiff received documented verbal warnings for their unprofessional behavior. Defendant Pouncey further admits Plaintiff and Bradley were to attend monthly mediation meetings with Human Resources to address communication and work-related issues. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

82.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

83.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

84.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

85.     Defendant Pouncey admits Bradley instructed Plaintiff, in an email, to refer to him as Dean Bradley. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

86.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

87.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

88.     Defendant Pouncey admits he met with Plaintiff at some point in June. Defendant Pouncey further admits Plaintiff also met with Davis. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

89.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

90.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

<u>Harassment Directly Results in Dr. Head's Termination</u>

91.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

92.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

93.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

94.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

95.     Defendant Pouncey lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and so denies the same and demands strict proof thereof.

96.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

97.     Defendant Pouncey admits that Plaintiff and Bradley participated in at least two mediation meetings related to their unprofessional behavior. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

98.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

99.     Defendant Pouncey admits the facts as stated in this paragraph.

100.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

101.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

102.    The citation in this paragraph speaks for itself.

Pervasive Sexual Harassment and Discrimination at the College

103.    Defendant Pouncey admits that Bradley, in August 2022 following a Title IX process, was found guilty for violating the College's policies and Title IX with respect to a claimant, who is not Plaintiff. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

104.    Defendant Pouncey admits, in addition to Plaintiff, two women made allegations against Bradley and filed EEOC Charges of Discrimination. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

105.    Defendant Pouncey admits the facts as stated in this paragraph.

106.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

107.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

108.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

109.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

**COUNT 1:**
**Sexual Harassment: Hostile Work Environment**
**Title VII and 42 U.S.C. § 1983**

110.    Defendant Pouncey incorporates his responses above as if fully set forth herein.

111.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

112.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

113.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

114.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

115.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

116.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

117.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

118.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

119.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

120.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

121.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

**COUNT TWO:**
**Wrongful Termination**
**Title VII AND 42 USC § 1983**

122.     Defendant Pouncey incorporates his responses above as if fully set forth herein.

123.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

124.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

125.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

126.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

127.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

128.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

129.     Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

**COUNT THREE:**
**Retaliation**
**Title VII and 42 U.S.C. § 1983**

130.     Defendant Pouncey incorporates his responses above as if fully set forth herein.

131.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

132.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

133.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

134.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

135.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

136.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

137.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

138.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

139.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

140.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

141.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

142.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

143.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

## COUNT FOUR:
### Failure to Supervise and Train
### 42 U.S.C. § 1983 and Fourteenth Amendment

144.    Defendant Pouncey incorporates his responses above as if fully set forth herein.

145.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

146.    Defendant Pouncey admits that when he was President of the College, he was generally responsible for the implementation and enforcement of the College's EEO policies. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

147.    Defendant Pouncey admits that when he was President of the College, he was generally responsible for the implementation and enforcement of the College's EEO policies. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

148.    Defendant Pouncey admits that when he was President of the College, he was generally responsible for the implementation and enforcement of the College's EEO policies. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

149.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

150.    Defendant Pouncey admits the College provided training on various aspects and supervision of its employees. Defendant Pouncey denies the remainder of the allegations as stated in this paragraph and demands strict proof thereof.

151.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

152.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

153.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

154.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

155.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

156.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

157.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

**COUNT FIVE**
**Equal Protection Claim**
**42 U.S.C. § 1983 and Fourteenth Amendment**

158.    Defendant Pouncey incorporates his responses above as if fully set forth herein.

159.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

160.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

161.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

162.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

163.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

164.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

165.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

166.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

167.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

168.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

169.    Defendant Pouncey denies the allegations as stated in this paragraph and demands strict proof thereof.

**PRAYER FOR RELIEF**

Defendant Pouncey denies that Plaintiff is entitled to any relief, especially that which is enumerated in paragraphs A through K.

## DEFENSES AND STATEMENT OF POSITION

To the extent that any allegations or claims in Plaintiff's First Amended Complaint require an answer at this time and they have not been admitted herein, they are denied. Now having answered each paragraph of Plaintiff's First Amended Complaint, Defendant Pouncey does not assume the burden of proof on any articulated defense, except as required by applicable law with respect to the particular defenses asserted. Additionally, Defendant Pouncey expressly disavows any intent to waive defenses by operation of Rule 12(h) of the Federal Rules of Civil Procedure and reserves the right to assert additional defenses and/or otherwise to supplement.

1.      The First Amended Complaint fails to state a claim upon which relief may be granted.

2.      Defendant Pouncey is entitled to qualified immunity.

3.      Defendant Pouncey pleads the general defense.

4.      Defendant Pouncey alleges Plaintiff has suffered no legal loss damage because of his action or inaction.

5.      Plaintiff fails to state a justiciable claim.

6.      All employment decisions by Defendant Pouncey respecting Plaintiff were made for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons. Defendant Pouncey denies that Plaintiff's gender was a substantial contributing factor in any decision regarding her employment. Even were that the case (which Defendant Pouncey expressly denies), he nonetheless would have treated Plaintiff the same in all respects for other legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons; therefore, the *Mt. Healthy* defense applies.

7.      Some or all the decisions and/or employment actions challenged as discriminatory in Plaintiff's First Amended Complaint would have been taken even if the Plaintiff had not been

in a protected class of individuals. Plaintiff's gender has not been a factor or a determinative influence in Defendant Pouncey's employment decisions.

8.      There are no similarly situated employees who have received different treatment than Plaintiff, nor is there any comparator who received different treatment with respect to Plaintiff's claims. To the extent that Plaintiff attempts to identify comparators, those comparators are not sufficiently similarly situated to serve as comparators.

9.      Defendant Pouncey asserts each defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

10.      Plaintiff's claims are barred to the extent Plaintiff seeks remedies beyond those that she would be entitled to receive under the statutory provisions or Constitutional amendments at issue.

11.      Plaintiff is not entitled to a jury trial on her equitable relief.

12.      Plaintiff is not entitled to equitable relief as she has not suffered irreparable harm and has adequate remedies at law.

13.      To the extent that Plaintiff's claims are fraudulently brought, they are barred.

14.      To the extent that Plaintiff's claims are based upon matters which occurred outside of the applicable statute of limitations for any of her claims, those claims are barred by the statute of limitations.

15.      Plaintiff cannot recover punitive damages against Defendant Pouncey for any of her claims. Furthermore, Plaintiff would not be entitled to an award of punitive damages, as she has not sufficiently pled and cannot prove facts sufficient to support an award under applicable law. Defendant Pouncey pleads all defenses made available to it by the United States Supreme

Court's decision in *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999), as well as all other statutes, case law and constitutional principles and limitations.

16.     Defendant Pouncey denies Plaintiff is entitled to recover attorneys' fees and/or costs. However, Defendant Pouncey pleads the *Price Waterhouse* mixed motive defense, as modified by the Civil Rights Act of 1991, as amended, to limit Plaintiff's damages to attorneys' fees and injunctive relief. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

17.     No action by Defendant Pouncey proximately caused any injury or damage allegedly suffered by Plaintiff.

18.     To the extent that it may be applicable to some of the alleged actions in Plaintiff's First Amended Complaint, Defendant Pouncey pleads the "same actor" defense.

19.     Plaintiff has failed to properly mitigate her alleged damages, to the extent any exist.

20.     Plaintiff is not entitled to equitable relief as she has not suffered irreparable harm.

21.     No action of Defendant Pouncey proximately caused any injury or damage allegedly suffered by Plaintiff.

22.     Defendant Pouncey denies that he intentionally, willfully, or maliciously violated any law upon which Plaintiff relies. To the extent that Plaintiff's claims against Defendant Pouncey rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, the relief requested in Plaintiff's First Amended Complaint is not recoverable.

23.     To the extent that Plaintiff might have been guilty of conduct, as yet unknown to Defendant Pouncey, which would have prevented Plaintiff's employment or caused discipline, Plaintiff is barred from seeking some or all damages.

24.     To the extent that Plaintiff raises claims not made the subject of the EEOC Charge of Discrimination she relies upon in her Complaint, or alternatively, not made the subject of a

timely, signed, verified EEOC Charge of Discrimination naming Defendant Pouncey as Respondent, or raises claims that arose more than one hundred eighty (180) days before the filing of the EEOC Charge of Discrimination, those claims are barred by the failure to satisfy the statutory prerequisites to suit. All claims not raised in a timely-filed Charge of Discrimination within ninety (90) days of the Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

25.     Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies.

26.     Plaintiff cannot establish the prerequisites for relief and cannot establish a prima facie case of discrimination or meet the legal burden to prove discrimination.

27.     Defendant Pouncey asserts that the alleged conduct complained of was not sufficiently severe or pervasive to alter Plaintiff's conditions of employment.

28.     Defendant Pouncey asserts Plaintiff violated the rules, policies, and regulations of the College.

29.     Some or all of Plaintiff's claims are barred by her inability to prove she has suffered any adverse action.

30.     Defendant Pouncey asserts the defenses of unclean hands and/or waiver.

31.     To the extent that the Eleventh Amendment has not been abrogated or otherwise waived, it protects Defendant Pouncey from suit. Defendant Pouncey then asserts his absolute qualified immunities.

32.     Plaintiff's claims for damages are limited in whole or in part by statute.

33.     Plaintiff cannot establish the prerequisites for relief and cannot establish a prima facie case of discrimination or meet the legal burden to prove discrimination.

34.     Defendant Pouncey asserts that Plaintiff failed to take advantage of any preventative or corrective opportunities provided by the College or to otherwise avoid the alleged harm.

35.     Defendant Pouncey reserves the right to amend his answer at a later date.

Respectfully submitted,

Steve Marshall
  *Attorney General*

/s/ Tara S. Hetzel
Tara S. Hetzel
  *Deputy Attorney General*

Hunter L. Sims
  *Assistant Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
tara.hetzel@alabamaAG.gov
hunter.sims@alabamaAG.gov

***Counsel for Defendant Pouncey***

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of September 2024, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF e-filing system, which will send notification of such filing to all counsel of record.

/s/ Tara S. Hetzel
*Of counsel*