IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BROOKE HEAD,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action: CV-23-295-TFM-MU |
| | * |
| **COASTAL ALABAMA COMMUNITY** | * |
| **COLLEGE, et al.,** | * |
| | * |
| Defendants. | * |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), and the Court's Preliminary Scheduling Order (Doc. 43), a meeting was held on December 2, 2024, at the office of Loper Law LLC, counsel for Plaintiff, in Mobile, Alabama and was attended by:

Thomas M. Loper for Plaintiff Dr. Brooke Head;

Windy C. Bitzer and Christine Harding Hart for Defendants Coastal Alabama Community College and Dr. Aaron Milner, in his official capacity as President of Coastal Alabama Community College; and

Tara Hetzel and Hunter Sims for Defendant Dr. Craig Pouncey in his individual capacity (attended by telephone as more than 100 miles away)

Attorney Henry Caddell is attorney of record for Defendant Vinson Bradley. Attorney Caddell passed away last month, and substitute counsel has not yet appeared. Neither Bradley nor any counsel on his behalf participated in the meeting of the parties.

The parties request a conference with the court before entry of the scheduling order, with Dr. Pouncey's counsel participating remotely.

1.   Narrative Statements

**Plaintiff's brief narrative statement of the facts and cause of action:**

Plaintiff Dr. Brooke Head has claims against Defendants Coastal Alabama Community College; Dr. Aaron Milner, in his official capacity as President of Coastal Alabama Community College; Dr. Craig Pouncey, in his individual capacity; and Vinson Bradley, in his individual capacity. The pending claims include a hostile work environment claim against Coastal, Pouncey, Milner, and Bradley; a wrongful termination based on discrimination claim against Coastal, Pouncey, and Milner; a retaliation claim against Coastal, Pouncey, Milner and Bradley; a failure to supervise claim against Milner and Pouncey; and an equal protection claim against Coastal, Pouncey, Milner, and Bradley. The claims arise variably under Title VII of the Civil Rights Act of 1964 or under 42 U.S.C. Section 1983. The underlying facts are relevant to all claims.

Head was employed in various roles for Coastal from 2013 until she was terminated in December of 2021. In 2021, Head was working as the Director of Student Development and reporting to Vinson Bradley, a Dean at the College and the College's Title IX Coordinator. Bradley began harassing Head and treating her differently than other employees and creating a hostile work environment for Head and other female employees. Head reported the harassment and hostile work environment that she and others faced to Coastal's administration, including its Director of Human Resources and, ultimately, to its then President, Craig Pouncey, on multiple occasions.

Rather than address Head's claims, Pouncey himself made sexually inappropriate comments and did nothing to protect Head or the other women. Pouncey failed to address the issues with Bradley and provided no oversight or additional training to him. After reporting the

abuse, Head began to face retaliation. Her job duties were reduced and she faced enhanced scrutiny. Ultimately, Coastal and Pouncey terminated her employment. The Defendants have claimed Head was terminated for performance, but this is mere pretext for the real reasons. Head was terminated because she spoke up for herself and other women for the harassment and discrimination they suffered, borne of the hostile work environments in which they worked. Bradley eventually resigned months after Head's termination and multiple women came forward to report the abuse. Pouncey resigned shortly thereafter. Milner replaced Pouncey as President of Coastal Alabama Community College.

**Defendants Coastal Alabama Community College and Dr. Aaron Milner's brief narrative statement of the facts and defenses:**

Defendants Coastal Alabama Community College and Dr. Aaron Milner, in his official capacity as the current President of Coastal, deny that Brooke Head was sexually harassed, subjected to a hostile work environment, terminated because of her sex, retaliated against, or subjected to any other unlawful action in connection with her employment at Coastal.

Head's allegations of sexual harassment are time-barred and, in any event, do not rise to the level of a statutory violation. And Head never complained of sexual harassment by Pouncey until the filing of her amended complaint. In addition, her retaliation claim is unsupportable. Head, who already had received warnings regarding unprofessional behavior, was notified in late November 2021 of her termination effective December 31, 2021. Her termination was for non-discriminatory and non-retaliatory reasons, following the College's discipline policy. The College has appropriate policies and procedures to address workplace concerns and conducts training on discrimination, harassment, and how to report concerns.

**Defendant Craig Pouncey's brief narrative statement of the facts and defenses:**

Plaintiff Brooke Head sues Defendant Craig Pouncey in his individual capacity, for a variety of claims related to sexual harassment, retaliation, and a failure to train. Effective December 31, 2021, Pouncey terminated Head for unprofessional behavior and unsatisfactory work. Head received a warning for similar conduct prior to her termination. Pouncey denies ever sexually harassing Head. In fact, Pouncey met with Head numerous times to discuss and attempt to resolve her concerns pertaining to Defendant Vinson Bradley. Head seemingly made no allegations of sexual harassment against Pouncey in her EEOC complaint. As president of Coastal, Pouncey was responsible for implementing and enforcing EEO policies at the college. Pouncey denies that he failed to train or supervise his subordinates relative to these EEO policies.

Pouncey's decisions, including the decision to terminate Head, were legitimate, non-discriminatory, non-retaliatory, and non-pretextual. Head's gender was not a factor in the decisions made by Pouncey. The decisions that were made would have been made even if Head had not been in a protected class of individuals. Head cannot prove that Pouncey intentionally, willfully, or maliciously violated any laws that Head relies upon in her complaint. Head has not presented a similarly situated employee that was treated differently than she was.

Head has alleged that she is entitled to various forms of relief. Some or all claims are barred by past precedent or are outside the bounds of statutory provisions or Constitutional amendments, such as equitable and punitive relief.

**Defendant Vinson Bradley's brief narrative statement of the facts and defenses:**

None provided because no substitute counsel has yet appeared.

2.	This jury action should be ready for trial by December 2025, and at this time is expected to take approximately 2-3 days excluding jury selection.

3.	The parties request a pretrial conference in November 2025.

4.	Discovery Plan. The parties jointly propose to the court the following discovery plan:

	a.	Discovery will be needed regarding Plaintiff's allegations of harassment by and/or known to Defendants; Plaintiff's allegations of a hostile work environment; Plaintiff's allegations of Defendants failure to supervise and train employees; Plaintiff's allegations that she was retaliated against for reporting harassment; Plaintiff's disciplinary record and termination and related process; and Plaintiff's alleged mental anguish and other damages.

	b.	All discovery commenced in time to be completed by June 30, 2025.

5.	Initial Disclosures.  Due to the upcoming holidays, the parties agree to exchange a list of the information required by Fed. R. Civ. P. 26(a)(1) no later than January 3, 2025. The parties will exchange documents referenced in their initial disclosures not later than January 10, 2025.

6.	The parties request until January 17, 2025 to move for joinder of additional parties and/or to amend the pleadings.

7.	Reports from retained experts under Rule 26(a)(2) due: From Plaintiff by April 30, 2025, and from Defendants by May 30, 2025

8.	Pretrial Disclosures. Final list of witnesses and exhibits under Rule 26(a)(3) due with the pretrial document.

9.	Discovery Limits.

Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 8 depositions by Plaintiff and 8 total depositions by Defendants. Each deposition limited to maximum of 7 hours unless extended by agreement of the parties.

Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 30 requests for production of documents by each party to any other party. Responses due 30 days after service.

10. All potentially dispositive motions filed by July 31, 2025.

11. The parties believe that early alternative dispute resolution could be beneficial in this case, with a preference for mediation led by a magistrate judge.

12. The discovery in this action may include some Electronically Stored Information (ESI). To the extent it exists, relevant non-privileged electronic information will be provided by the parties in searchable PDF or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF or hard copy only upon agreement of the parties or a showing of substantial need to the court for such consideration in that format.

13. Other matters. The Parties ask the Court to enter a Qualified HIPAA Protective Order in substantially the same form as attached hereto.  The Parties will also ask the Court to enter a general protective order; a joint motion and proposed protective order will be filed shortly after the submission of this Report

The parties will address issues of privilege or protection of trial preparation material during discovery.  If claiming privilege to a document, the party will produce a privilege log.  If

the parties cannot reach a reasonable agreement on these issues, they may request the Court's intervention.

**Respectfully submitted this 4th day of December, 2024.**

For Plaintiff:

/s/ Thomas M. Loper
Thomas M. Loper (LOPET8947)
LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com


For Defendants Coastal Alabama Community College and Dr. Aaron Milner:

/s/ Windy Bitzer
Windy Bitzer (BITZ7315)
Christine Harding Hart (HART5687)
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, AL 36601
Phone: (251) 432-5511
wbitzer@handfirm.com
chart@handfirm.com


For Defendant Craig Pouncey:

/s/ Tara S. Hetzel
Tara S. Hetzel
Hunter L. Sims
STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
tara.hetzel@alabamaAG.gov
hunter.sims@alabamaAG.gov

**Certificate of Service**

      I hereby certify that on this 4th day of December, 2024, I filed the foregoing Report of Parties' Planning Meeting through this Court's electronic filing system which will serve the office of the last known attorney for Defendant Vinson Bradley as follows. The above signing attorneys have been notified of Attorney Caddell's passing and that Mr. Bradley is working to secure new counsel.

    Henry H. Caddell
    THIRY & CADDELL, LLP
    1911 Government Street
    Mobile, AL 36606
    hhc45@bellsouth.net

                                                  /s/ Thomas M. Loper
                                                Counsel for Plaintiff