**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BROOKE HEAD,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action: CV-23-295-TFM-MU** |
| | * | |
| **COASTAL ALABAMA COMMUNITY** | * | |
| **COLLEGE, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**MOTION TO COMPLY WITH SUBPOENA**
**UNDER CONFIDENTIALITY AGREEMENT**

Plaintiff Brooke Head ("Plaintiff"), by and through undersigned counsel, moves this Court for an order for witnesses to comply with subpoenas by producing information and documents subject to a confidentiality agreement, in accordance with Rule 45. In support of this Motion, Dr. Head states as follows:

Background

On April 17, 2025, Plaintiff notified counsel for Defendants of her intent to subpoena records from Michelle Bugos, Jamia Presley, and Lindsey Byrd. See Exhibit A. The only objection to the subpoenas was to the scope of one request to one of the witnesses, which the parties quickly agreed to a narrowed scope. See Exhibit B. Plaintiff issued subpoenas to Bugos, Presley, and Byrd the following week. See Exhibits C, D, and E.

Counsel for Defendant College notified undersigned counsel on Friday, May 2, that it expected Byrd to not produce a Confidential Settlement and Release Agreement absent express court order. Undersigned counsel also represents Byrd with regard to her former employment with the Defendant College and is aware of the Confidential Settlement and Release Agreement.

Defendant College also stated their expectation that any records produced related to her Title IX proceeding be designated and treated as confidential under the Court's Protective Order in this case. See Doc. 61. Likewise, counsel for Jamia Presley has contacted undersigned counsel expressing similar concerns about producing document without a court order. Bugos was served on April 24, but has not been in contact with undersigned counsel regarding her response.

A Protective Order has been issued in this case. Doc. 61. Plaintiff fully intends to comply with this Court's Protective Order as to confidentiality and the use of documents in this case. Plaintiff does not intend to challenge the designation of confidentiality on any documents produced by Bugos, Presley or Byrd.

<u>Argument</u>

Federal Rule of Civil Procedure 45 permits a party to command, via subpoena, the production of documents that are in the "possession, custody, or control" of a nonparty. Fed. R. Civ. P. 45(a)(1)(A)(iii). Plaintiff seeks documents from nonparties Bugos, Presley, and Byrd as part of discovery in support to her case. Federal Rule of Civil Procedure 26(b)(1) provides that

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c).

Plaintiff issued subpoenas to Bugos, Presley, and Byrd as provided in Rule 45. See Exhibits C, D, and E. Plaintiff is entitled to the requested documents as they are relevant to the

claims and defenses of the parties in this case.  Fed. R. Civ. P. 26(b)(1).  Only one objection to the subpoenas was made, and the parties amicably resolved that dispute.  See Exhibit B. Witnesses and counsel for Defendant College have raised concerns that some or all of the subpoenaed documents are subject to settlement agreements that included confidentiality language requiring a court order to produce.  Plaintiff takes the position that a lawfully executed subpoena, though issued by an attorney, is issued on behalf of the court and should be treated as orders of court.  *See Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 2001 U.S. Dist. LEXIS 14579 (D. Md. 2001); *Pub. Serv. Co. v. Portland Natural Gas*, 2003 DNH 193, 218 F.R.D. 361, 56 Fed. R. Serv. 3d (Callaghan) 1221, 9 Oil & Gas Rep. 159, 2003 U.S. Dist. LEXIS 20396 (D.N.H. 2003).

The information sought in the subpoenas was narrowly tailored to request for documents that are directly relevant to the claims and defenses of the parties.  The parties are litigating claims related to Plaintiff's allegations of a hostile work environment, her wrongful termination, retaliation against her, the College's failure to supervise and properly train its employees, and that she was treated differently because of her gender.  The subpoenaed documents, including any Confidential Settlement and Release Agreements, are relevant to those claims.  The Plaintiff agreed with Defendant College's one objection that a request was overly broad and agreed to narrowed language.  See Exhibit B.  Defendants have not raised concerns that Plaintiff is not entitled to the subpoenaed documents, only that an order from this Court is required before the documents are produced.  Plaintiff does not dispute that any produced documents are subject to this Court's Protective Order and fully agrees to the confidentiality provided therein.

WHEREFORE, Plaintiff seeks an Order from this Court ordering Michelle Bugos, Jamia Presley, and Lindsey Byrd to comply with the subpoenas issued by Plaintiff.

**Respectfully submitted this 5th day of May, 2025.**

/s/ Thomas M. Loper
Thomas M. Loper (LOPET8947)

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2025, I filed the foregoing Motion through this Court's electronic filing system which will serve the following counsel of record:

Windy Bitzer (BITZ7315)
Christine Harding Hart (HART5687)
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, AL 36601
Phone: (251) 432-5511
wbitzer@handfirm.com
chart@handfirm.com
*Attorneys for Defendants Coastal Alabama*
*Community College and Dr. Aaron Milner*

Tara S. Hetzel, Esq.
Hunter L. Sims, Esq.
Civil Division Chief
Office of the Attorney General
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130
tara.hetzel@alabamaag.gov
hunter.sims@alabamaag.gov
*Attorneys for Defendant Craig Pouncey*

A. Wesley Pitters, Esq.
1145 South Perry Street
Montgomery, AL 36104
awpitters@pitterslawfirm.com
*Attorney for Vinson Bradley*

/s/ Thomas M. Loper
Counsel for Plaintiff

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BROOKE HEAD,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *     **Civil Action: CV-23-295-TFM-MU** |
| | * |
| **COASTAL ALABAMA COMMUNITY** | * |
| **COLLEGE, et al.,** | * |
| | * |
| **Defendants.** | * |

**NOTICE OF INTENT TO SERVE SUBPOENAS**

Plaintiff Dr. Brooke Head, by an through undersigned counsel of record, notifies of her intent to the serve the following with the attached subpoenas for documents on Monday, April 21, 2025:

1.  Michelle Bugos

2.  Lindsey Byrd

3.  Jamia Presley

**Submitted this 17th day of April, 2025.**

Respectfully submitted,

/s/ Thomas M. Loper
Thomas M. Loper (LOPET8947)

LOPER LAW LLC
452 Government Street, Suite E
Mobile, Alabama 36602
Phone: (251) 288-8308
Fax:    (251) 408-3545
tloper@loperlawllc.com

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2025, the foregoing Notice emailed to the following counsel of records:

Windy Bitzer (BITZ7315)
Christine Harding Hart (HART5687)
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, AL 36601
Phone: (251) 432-5511
wbitzer@handfirm.com
chart@handfirm.com
*Attorneys for Defendants Coastal Alabama*
*Community College and Dr. Aaron Milner*

Tara S. Hetzel, Esq.
Hunter L. Sims, Esq.
Civil Division Chief
Office of the Attorney General
501 Washington Avenue
Post Office Box 300152
Montgomery, Alabama 36130
tara.hetzel@alabamaag.gov
hunter.sims@alabamaag.gov
*Attorneys for Defendant Craig Pouncey*

A. Wesley Pitters, Esq.
1145 South Perry Street
Montgomery, AL 36104
awpitters@pitterslawfirm.com
*Attorney for Vinson Bradley*

/s/ Thomas M. Loper
Counsel for Plaintiff

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| BROOKE HEAD | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| COASTAL ALABAMA | )      Civil Action No. CV-23-295-TFM-MU |
| COMMUNITY COLLEGE, et al. | ) |
| | ) |
| *Defendant* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    MICHELLE BUGOS

*(Name of person to whom this subpoena is directed)*

    X *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place:    LOPER LAW LLC | Date and Time:    MAY 9, 2025 |
|---|---|
|       452 GOVERNMENT STREET, SUITE E |              12:00 P.M. |
|       MOBILE, ALABAMA 36602 | |

    ❜ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Dr. Brook Head _____, who issues or requests this subpoena, are:

Thomas M. Loper, Esq., Loper Law LLC, 452 Government Street Suite E, Mobile, AL 36602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

’ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

’ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                *Server's signature*

                                 _____

                                                *Printed name and title*

                                 _____

                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

DEFINITIONS

For the purposes of these requests, the following definitions apply:

1.      Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa.  The words "include" and "including" shall be construed without limitation.

2.      "You," and/or "Yours" shall mean Michelle Bugos and any of your agents, employees, representatives or other persons acting or purporting to act on your behalf to the extent they have personal involvement of the requests below.


INSTRUCTIONS

For purposes of responding to Plaintiff's Subpoena Request, the following instructions shall apply:

1.      You are hereby notified that Your duty to respond includes the duty to supply all documents, materials, and/or electronically stored information in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rule of Civil Procedure 34.

2.      In the event that any document and/or electronically stored information called for by a request is withheld on the basis of a claim of privilege, please identify that document and/or electronically stored information on a Privilege Log by stating: (a) any addressor or addressee, (b) any indicated or blind copies, (c) the date, subject matter, number of pages, and attachments or appendices of the document and/or electronic information, (d) all persons to whom the document and/or electronic information was distributed, shown or explained, (e) its present custodian, and (f) the nature of the privilege asserted.

3.      If any of the following documents and/or electronically stored information were previously in Your possession, custody or control, but are no longer at present, state as to that document why it is no longer in Your possession, custody or control, how the document was disposed of, who the document was transferred to, who has possession, custody or control of the document at present, and each person who You have reason to believe had or has knowledge of its contents.

4.      In the event that any document and/or electronically stored information called for by a request has been destroyed or discarded, please identify that document and/or electronically stored information by stating: (a) any addressor and addressee, (b) any indicated or blind copies, (c) the document's and/or the electronically stored

information's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document and/or electronically stored information was distributed, shown or explained, (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard, and (f) the persons authorizing or carrying out such destruction or discard.

5.    In producing documents and/or electronically stored information requested herein, You shall produce documents and/or electronically stored information in full, without abridgment, abbreviation, and expurgation of any sort.

6.    All documents and/or electronically stored information shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

7.    Production of ESI or any electronically stored data shall be in native format unless otherwise agreed.

8.    Each non-identical copy of a document shall be treated as a separate document.

9.    If no Document exists which is responsive to a particular request, so state in writing. Unless otherwise specified herein, the time frame for each Request is from January 1, 2020, to the present.

## DOCUMENT REQUESTS

1. Any and all documents in your possession related to Brooke Head.

2. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Vinson Bradley.

3. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Craig Pouncey.

4. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment at Coastal Alabama Community College.

5. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Brooke Head.

6. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Jamia Presley.

7. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Lindsey Byrd.

8. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Vinson Bradley.

9. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Brooke Head.

10. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communications, in your possession between you and Lindsey Byrd.

11. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Jamia Presley.

12. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you Vinson Bradley.

13. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| BROOKE HEAD | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| COASTAL ALABAMA | ) |
| COMMUNITY COLLEGE, et al. | ) |
| | ) |
| *Defendant* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Civil Action No. CV-23-295-TFM-MU

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    JAMIA PRESLEY

*(Name of person to whom this subpoena is directed)*

X'  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place:  LOPER LAW LLC | Date and Time:   MAY 9, 2025 |
|---|---|
| 452 GOVERNMENT STREET, SUITE E | 12:00 P.M. |
| MOBILE, ALABAMA 36602 | |

'  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Dr. Brooke Head _____, who issues or requests this subpoena, are:

Thomas M. Loper, Esq., Loper Law LLC, 452 Government Street Suite E, Mobile, AL 36602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&rsquo;  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

&rsquo;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

For the purposes of these requests, the following definitions apply:

1.  Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa. The words "include" and "including" shall be construed without limitation.

2.  "You," and/or "Yours" shall mean Jamia Presley and any of your agents, employees, representatives or other persons acting or purporting to act on your behalf to the extent they have personal involvement of the requests below.

## INSTRUCTIONS

For purposes of responding to Plaintiff's Subpoena Request, the following instructions shall apply:

1.  You are hereby notified that Your duty to respond includes the duty to supply all documents, materials, and/or electronically stored information in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rule of Civil Procedure 34.

2.  In the event that any document and/or electronically stored information called for by a request is withheld on the basis of a claim of privilege, please identify that document and/or electronically stored information on a Privilege Log by stating: (a) any addressor or addressee, (b) any indicated or blind copies, (c) the date, subject matter, number of pages, and attachments or appendices of the document and/or electronic information, (d) all persons to whom the document and/or electronic information was distributed, shown or explained, (e) its present custodian, and (f) the nature of the privilege asserted.

3.  If any of the following documents and/or electronically stored information were previously in Your possession, custody or control, but are no longer at present, state as to that document why it is no longer in Your possession, custody or control, how the document was disposed of, who the document was transferred to, who has possession, custody or control of the document at present, and each person who You have reason to believe had or has knowledge of its contents.

4.  In the event that any document and/or electronically stored information called for by a request has been destroyed or discarded, please identify that document and/or electronically stored information by stating: (a) any addressor and addressee, (b) any

indicated or blind copies, (c) the document's and/or the electronically stored information's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document and/or electronically stored information was distributed, shown or explained, (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard, and (f) the persons authorizing or carrying out such destruction or discard.

5.      In producing documents and/or electronically stored information requested herein, You shall produce documents and/or electronically stored information in full, without abridgment, abbreviation, and expurgation of any sort.

6.      All documents and/or electronically stored information shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

7.      Production of ESI or any electronically stored data shall be in native format unless otherwise agreed.

8.      Each non-identical copy of a document shall be treated as a separate document.

9.      If no Document exists which is responsive to a particular request, so state in writing. Unless otherwise specified herein, the time frame for each Request is from January 1, 2020, to the present.

## <u>DOCUMENT REQUESTS</u>

1. Any and all documents in your possession related to Brooke Head.

2. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Vinson Bradley.

3. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Craig Pouncey.

4. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment at Coastal Alabama Community College.

5. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Brooke Head.

6. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Lindsey Byrd.

7. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Vinson Bradley.

8. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Brooke Head.

9. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communications, in your possession between you and Lindsey Byrd.

10. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Michelle Bugos.

11. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you Vinson Bradley.

12. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

<table>
<tr><td>BROOKE HEAD</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Plaintiff</i></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>COASTAL ALABAMA</td><td>)</td><td>Civil Action No. CV-23-295 – TFM-MU</td></tr>
<tr><td>COMMUNITY COLLEGE, et al.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><i>Defendant</i></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          LINDSEY BYRD

*(Name of person to whom this subpoena is directed)*

X' *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place:  LOPER LAW LLC<br>         452 GOVERNMENT STREET, SUITE E<br>         MOBILE, ALABAMA 36602 | Date and Time:    MAY 9, 2025<br>                   12:00 P.M. |
|---|---|

' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|     *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Dr. Brooke Head _____ , who issues or requests this subpoena, are:

Thomas M. Loper, Esq., Loper Law LLC, 452 Government Street Suite E, Mobile, AL 36602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

' I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

' I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                  _____
                                                          *Printed name and title*

                                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

DEFINITIONS

For the purposes of these requests, the following definitions apply:

1.    Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa. The words "include" and "including" shall be construed without limitation.

2.    "You," and/or "Yours" shall mean Lindsey Byrd and any of your agents, employees, representatives or other persons acting or purporting to act on your behalf to the extent they have personal involvement of the requests below.

INSTRUCTIONS

For purposes of responding to Plaintiff's Subpoena Request, the following instructions shall apply:

1.    You are hereby notified that Your duty to respond includes the duty to supply all documents, materials, and/or electronically stored information in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rule of Civil Procedure 34.

2.    In the event that any document and/or electronically stored information called for by a request is withheld on the basis of a claim of privilege, please identify that document and/or electronically stored information on a Privilege Log by stating: (a) any addressor or addressee, (b) any indicated or blind copies, (c) the date, subject matter, number of pages, and attachments or appendices of the document and/or electronic information, (d) all persons to whom the document and/or electronic information was distributed, shown or explained, (e) its present custodian, and (f) the nature of the privilege asserted.

3.    If any of the following documents and/or electronically stored information were previously in Your possession, custody or control, but are no longer at present, state as to that document why it is no longer in Your possession, custody or control, how the document was disposed of, who the document was transferred to, who has possession, custody or control of the document at present, and each person who You have reason to believe had or has knowledge of its contents.

4.    In the event that any document and/or electronically stored information called for by a request has been destroyed or discarded, please identify that document and/or electronically stored information by stating: (a) any addressor and addressee, (b) any

indicated or blind copies, (c) the document's and/or the electronically stored information's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document and/or electronically stored information was distributed, shown or explained, (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard, and (f) the persons authorizing or carrying out such destruction or discard.

5.      In producing documents and/or electronically stored information requested herein, You shall produce documents and/or electronically stored information in full, without abridgment, abbreviation, and expurgation of any sort.

6.      All documents and/or electronically stored information shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

7.      Production of ESI or any electronically stored data shall be in native format unless otherwise agreed.

8.      Each non-identical copy of a document shall be treated as a separate document.

9.      If no Document exists which is responsive to a particular request, so state in writing. Unless otherwise specified herein, the time frame for each Request is from January 1, 2020, to the present.

## **DOCUMENT REQUESTS**

1.  Any and all documents in your possession related to Brooke Head.

2.  Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Vinson Bradley.

3.  Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Craig Pouncey.

4.  Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment at Coastal Alabama Community College.

5.  Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Brooke Head.

6.  Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Jamia Presley.

7.  Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Vinson Bradley.

8.  Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Brooke Head.

9.  Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communications, in your possession between you and Jamia Presley.

10. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Michelle Bugos.

11. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you Vinson Bradley.

12. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey.

# Exhibit B

**Thomas Loper**

---

| | |
|---|---|
| **From:** | Windy C. Bitzer <WBitzer@handfirm.com> |
| **Sent:** | Monday, April 21, 2025 10:28 AM |
| **To:** | Thomas Loper |
| **Cc:** | Angela Panici; Christine Hart; Hetzel, Tara; Sims, Hunter; awpitters@pitterslawfirm.com |
| **Subject:** | RE: Head/Coastal Alabama |

Yes, that's better. Thank you.



**Windy C. Bitzer**

251-694-6263  Direct Dial
251-544-1604  Fax
WBitzer@handfirm.com

---

**From:** Thomas Loper <tloper@loperlawllc.com>
**Sent:** Friday, April 18, 2025 6:49 PM
**To:** Windy C. Bitzer <WBitzer@handfirm.com>
**Cc:** Angela Panici <apanici@loperlawllc.com>; Christine Hart <chart@handfirm.com>; Hetzel, Tara <Tara.Hetzel@AlabamaAG.gov>; Sims, Hunter <Hunter.Sims@AlabamaAG.gov>; awpitters@pitterslawfirm.com
**Subject:** RE: Head/Coastal Alabama

Thanks Windy.  After re-reading it, I agree it is overly broad.

How does this sound?

"Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey concerning Vinson Bradley, Brooke Head, and/or any allegations or complaints of discrimination, retaliation, harassment, or hostile work environment."

**Thomas M. Loper,** *Attorney at Law*

LOPER LAW LLC

452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
Email: tloper@loperlawllc.com
Website: www.loperlawllc.com

**From:** Windy C. Bitzer <WBitzer@handfirm.com>
**Sent:** Friday, April 18, 2025 4:41 PM
**To:** Thomas Loper <tloper@loperlawllc.com>
**Cc:** Angela Panici <apanici@loperlawllc.com>; Christine Hart <chart@handfirm.com>; Hetzel, Tara <Tara.Hetzel@AlabamaAG.gov>; Sims, Hunter <Hunter.Sims@AlabamaAG.gov>; awpitters@pitterslawfirm.com
**Subject:** RE: Head/Coastal Alabama

Tom – On behalf of the College, we object to Item 13 on the non-party subpoena to Michelle Bugos (any and all communications between Ms. Bugos and Dr. Pouncey, including text messages, for the time period identified) as overly broad and not within the scope of discovery allowed by FRCP 26(b)(1). Based on this objection, we request that you hold and refrain from issuing that subpoena on Monday and until we've worked through this. We anticipate that the objection can be resolved with some language modification, limiting it to issues/persons pertinent to the case. We would be happy to confer with you and/or review a revised list once you've considered this objection.

Thank you,
Windy



**Windy C. Bitzer**

251-694-6263  Direct Dial
251-544-1604  Fax
WBitzer@handfirm.com

---

**From:** Thomas Loper <tloper@loperlawllc.com>
**Sent:** Thursday, April 17, 2025 3:41 PM
**To:** Windy C. Bitzer <WBitzer@handfirm.com>; Christine Hart <chart@handfirm.com>; Hetzel, Tara <Tara.Hetzel@AlabamaAG.gov>; Sims, Hunter <Hunter.Sims@AlabamaAG.gov>; awpitters@pitterslawfirm.com
**Cc:** Angela Panici <apanici@loperlawllc.com>
**Subject:** Head/Coastal Alabama

Please find attached notice of intent to serve subpoenas with attached subpoenas.  Subpoenas will be served on Monday.

**Thomas M. Loper,** *Attorney at Law*

**LOPER LAW** LLC

452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
Email: tloper@loperlawllc.com
Website: www.loperlawllc.com

---

The information contained in this electronic message is intended only for the use of the owner of the email address listed as the recipient of this message and may contain attorney-client privileged and confidential information. If you are not the

intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited.

# Exhibit C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| BROOKE HEAD | ) | |
| | ) | |
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | |
| COASTAL ALABAMA | ) | Civil Action No. CV-23-295-TFM-MU |
| COMMUNITY COLLEGE, et al. | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                MICHELLE BUGOS

*(Name of person to whom this subpoena is directed)*

   X  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place:   LOPER LAW LLC | Date and Time:   MAY 9, 2025 |
|---|---|
| 452 GOVERNMENT STREET, SUITE E | 12:00 P.M. |
| MOBILE, ALABAMA 36602 | |

   '  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4-22- 25

       *CLERK OF COURT*                                   OR

         _____                            _____
         *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Dr. Brook Head _____ , who issues or requests this subpoena, are:

Thomas M. Loper, Esq., Loper Law LLC, 452 Government Street Suite E, Mobile, AL 36602

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

' I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

' I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

DEFINITIONS

For the purposes of these requests, the following definitions apply:

1.     Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa.  The words "include" and "including" shall be construed without limitation.

2.     "You," and/or "Yours" shall mean Michelle Bugos and any of your agents, employees, representatives or other persons acting or purporting to act on your behalf to the extent they have personal involvement of the requests below.


INSTRUCTIONS

For purposes of responding to Plaintiff's Subpoena Request, the following instructions shall apply:

1.     You are hereby notified that Your duty to respond includes the duty to supply all documents, materials, and/or electronically stored information in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rule of Civil Procedure 34.

2.     In the event that any document and/or electronically stored information called for by a request is withheld on the basis of a claim of privilege, please identify that document and/or electronically stored information on a Privilege Log by stating: (a) any addressor or addressee, (b) any indicated or blind copies, (c) the date, subject matter, number of pages, and attachments or appendices of the document and/or electronic information, (d) all persons to whom the document and/or electronic information was distributed, shown or explained, (e) its present custodian, and (f) the nature of the privilege asserted.

3.     If any of the following documents and/or electronically stored information were previously in Your possession, custody or control, but are no longer at present, state as to that document why it is no longer in Your possession, custody or control, how the document was disposed of, who the document was transferred to, who has possession, custody or control of the document at present, and each person who You have reason to believe had or has knowledge of its contents.

4.     In the event that any document and/or electronically stored information called for by a request has been destroyed or discarded, please identify that document and/or electronically stored information by stating: (a) any addressor and addressee, (b) any indicated or blind copies, (c) the document's and/or the electronically stored

information's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document and/or electronically stored information was distributed, shown or explained, (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard, and (f) the persons authorizing or carrying out such destruction or discard.

5.    In producing documents and/or electronically stored information requested herein, You shall produce documents and/or electronically stored information in full, without abridgment, abbreviation, and expurgation of any sort.

6.    All documents and/or electronically stored information shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

7.    Production of ESI or any electronically stored data shall be in native format unless otherwise agreed.

8.    Each non-identical copy of a document shall be treated as a separate document.

9.    If no Document exists which is responsive to a particular request, so state in writing. Unless otherwise specified herein, the time frame for each Request is from January 1, 2020, to the present.

## DOCUMENT REQUESTS

1. Any and all documents in your possession related to Brooke Head.

2. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Vinson Bradley.

3. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Craig Pouncey.

4. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment at Coastal Alabama Community College.

5. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Brooke Head.

6. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Jamia Presley.

7. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Lindsey Byrd.

8. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Vinson Bradley.

9. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Brooke Head.

10. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communications, in your possession between you and Lindsey Byrd.

11. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Jamia Presley.

12. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you Vinson Bradley.

13. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey concerning Vinson Bradley, Brooke Head, and/or any allegations or complaints of discrimination, retaliation, harassment, or hostile work environment.

# Exhibit D

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| BROOKE HEAD | ) |
| | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| COASTAL ALABAMA | ) |
| COMMUNITY COLLEGE, et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Civil Action No. CV-23-295-TFM-MU

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          JAMIA PRESLEY

*(Name of person to whom this subpoena is directed)*

X' *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place:  LOPER LAW LLC | Date and Time:  MAY 9, 2025 |
|---|---|
| 452 GOVERNMENT STREET, SUITE E | 12:00 P.M. |
| MOBILE, ALABAMA 36602 | |

' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4-22-25

*CLERK OF COURT*

                                         OR

_____                _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Dr. Brooke Head _____ , who issues or requests this subpoena, are:

Thomas M. Loper, Esq., Loper Law LLC, 452 Government Street Suite E, Mobile, AL 36602

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

' I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

' I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

DEFINITIONS

For the purposes of these requests, the following definitions apply:

1.      Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa.  The words "include" and "including" shall be construed without limitation.

2.      "You," and/or "Yours" shall mean Jamia Presley and any of your agents, employees, representatives or other persons acting or purporting to act on your behalf to the extent they have personal involvement of the requests below.

INSTRUCTIONS

For purposes of responding to Plaintiff's Subpoena Request, the following instructions shall apply:

1.      You are hereby notified that Your duty to respond includes the duty to supply all documents, materials, and/or electronically stored information in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rule of Civil Procedure 34.

2.      In the event that any document and/or electronically stored information called for by a request is withheld on the basis of a claim of privilege, please identify that document and/or electronically stored information on a Privilege Log by stating: (a) any addressor or addressee, (b) any indicated or blind copies, (c) the date, subject matter, number of pages, and attachments or appendices of the document and/or electronic information, (d) all persons to whom the document and/or electronic information was distributed, shown or explained, (e) its present custodian, and (f) the nature of the privilege asserted.

3.      If any of the following documents and/or electronically stored information were previously in Your possession, custody or control, but are no longer at present, state as to that document why it is no longer in Your possession, custody or control, how the document was disposed of, who the document was transferred to, who has possession, custody or control of the document at present, and each person who You have reason to believe had or has knowledge of its contents.

4.      In the event that any document and/or electronically stored information called for by a request has been destroyed or discarded, please identify that document and/or electronically stored information by stating: (a) any addressor and addressee, (b) any

indicated or blind copies, (c) the document's and/or the electronically stored information's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document and/or electronically stored information was distributed, shown or explained, (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard, and (f) the persons authorizing or carrying out such destruction or discard.

5.      In producing documents and/or electronically stored information requested herein, You shall produce documents and/or electronically stored information in full, without abridgment, abbreviation, and expurgation of any sort.

6.      All documents and/or electronically stored information shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

7.      Production of ESI or any electronically stored data shall be in native format unless otherwise agreed.

8.      Each non-identical copy of a document shall be treated as a separate document.

9.      If no Document exists which is responsive to a particular request, so state in writing. Unless otherwise specified herein, the time frame for each Request is from January 1, 2020, to the present.

## DOCUMENT REQUESTS

1. Any and all documents in your possession related to Brooke Head.

2. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Vinson Bradley.

3. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Craig Pouncey.

4. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment at Coastal Alabama Community College.

5. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Brooke Head.

6. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Lindsey Byrd.

7. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Vinson Bradley.

8. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Brooke Head.

9. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communications, in your possession between you and Lindsey Byrd.

10. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Michelle Bugos.

11. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you Vinson Bradley.

12. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey.

# Exhibit E

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| BROOKE HEAD | ) |
| | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| COASTAL ALABAMA | ) |
| COMMUNITY COLLEGE, et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Civil Action No. CV-23-295 – TFM-MU

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                LINDSEY BYRD

*(Name of person to whom this subpoena is directed)*

X' *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place:   LOPER LAW LLC | Date and Time:   MAY 9, 2025 |
|---|---|
| 452 GOVERNMENT STREET, SUITE E | 12:00 P.M. |
| MOBILE, ALABAMA 36602 | |

' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   4-22-25

CLERK OF COURT

                                                OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Dr. Brooke Head _____ , who issues or requests this subpoena, are:

Thomas M. Loper, Esq., Loper Law LLC, 452 Government Street Suite E, Mobile, AL 36602

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

' I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

' I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                           *Server's signature*

                                   _____
                                           *Printed name and title*

                                   _____
                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

For the purposes of these requests, the following definitions apply:

1.    Throughout this request, the singular includes the plural, the masculine includes the feminine and neuter, "and" includes "or," "any" includes "all," and vice versa.  The words "include" and "including" shall be construed without limitation.

2.    "You," and/or "Yours" shall mean Lindsey Byrd and any of your agents, employees, representatives or other persons acting or purporting to act on your behalf to the extent they have personal involvement of the requests below.

## INSTRUCTIONS

For purposes of responding to Plaintiff's Subpoena Request, the following instructions shall apply:

1.    You are hereby notified that Your duty to respond includes the duty to supply all documents, materials, and/or electronically stored information in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rule of Civil Procedure 34.

2.    In the event that any document and/or electronically stored information called for by a request is withheld on the basis of a claim of privilege, please identify that document and/or electronically stored information on a Privilege Log by stating: (a) any addressor or addressee, (b) any indicated or blind copies, (c) the date, subject matter, number of pages, and attachments or appendices of the document and/or electronic information, (d) all persons to whom the document and/or electronic information was distributed, shown or explained, (e) its present custodian, and (f) the nature of the privilege asserted.

3.    If any of the following documents and/or electronically stored information were previously in Your possession, custody or control, but are no longer at present, state as to that document why it is no longer in Your possession, custody or control, how the document was disposed of, who the document was transferred to, who has possession, custody or control of the document at present, and each person who You have reason to believe had or has knowledge of its contents.

4.    In the event that any document and/or electronically stored information called for by a request has been destroyed or discarded, please identify that document and/or electronically stored information by stating: (a) any addressor and addressee, (b) any

indicated or blind copies, (c) the document's and/or the electronically stored information's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document and/or electronically stored information was distributed, shown or explained, (e) its date and destruction or discard, manner of destruction or discard, and reason for destruction or discard, and (f) the persons authorizing or carrying out such destruction or discard.

5.    In producing documents and/or electronically stored information requested herein, You shall produce documents and/or electronically stored information in full, without abridgment, abbreviation, and expurgation of any sort.

6.    All documents and/or electronically stored information shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

7.    Production of ESI or any electronically stored data shall be in native format unless otherwise agreed.

8.    Each non-identical copy of a document shall be treated as a separate document.

9.    If no Document exists which is responsive to a particular request, so state in writing. Unless otherwise specified herein, the time frame for each Request is from January 1, 2020, to the present.

## <u>DOCUMENT REQUESTS</u>

1. Any and all documents in your possession related to Brooke Head.

2. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Vinson Bradley.

3. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment by Craig Pouncey.

4. Any and all documents in your possession related to any claims of harassment, discrimination, retaliation, or hostile work environment at Coastal Alabama Community College.

5. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Brooke Head.

6. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Jamia Presley.

7. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and anyone regarding Vinson Bradley.

8. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Brooke Head.

9. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communications, in your possession between you and Jamia Presley.

10. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Michelle Bugos.

11. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you Vinson Bradley.

12. Any and all communications, including, but not limited to, any emails, text messages, or other written or recorded communication, in your possession between you and Craig Pouncey.